671 So.2d 903 (1996)
STATE of Louisiana
v.
William Matthew CALLAHAN.
No. 95-K-1331.
Supreme Court of Louisiana.
March 29, 1996.
PER CURIAM.
The application is granted in part.
Relator was convicted of attempted possession of marijuana with intent to distribute and was sentenced to two and one-half years imprisonment, which the trial court noted was the statutory minimum sentence for that crime.
The sentencing range for a conviction of possession of marijuana with intent to distribute is five to thirty years. When the conviction is for attempt, La.Rev.Stat. 14:27D(3) provides:
D. Whoever attempts to commit any crime shall be punished as follows:
. . . . .
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. (emphasis added).
La.Rev.Stat. 14:27D(3) by its terms provides only a maximum sentence for a conviction of attempting to commit a crime. There is no express statutory minimum sentence for being convicted of an attempt, and principles of lenity require that the statute be strictly construed. State v. Jaye, 383 So.2d 1261 (La.1980); State v. Broussard, 217 La. 90, 46 So.2d 48 (1950).
Accordingly, relator's sentence is vacated, and this case is remanded to the district court for resentencing. In all other respects, the application is denied. *904 MARCUS, J., dissents and assigns reasons.
La.R.S. 14:27 D(3) provides that "[i]n all cases he shall be ... imprisoned ... in the same manner as for the offense attempted." [Emphasis added.] In my opinion, "in the same manner" refers to the minimum sentence requirement for the offense attempted. The second sentence provides that imprisonment shall not exceed one-half of the longest term of imprisonment for the offense attempted. This refers to the maximum sentence for the offense attempted. Accordingly, I respectfully dissent.