|nKOSTELKA, J.
Sylvester Williams (“Williams”) pled guilty to conspiracy to distribute cocaine, La. R.S. 40:967 and 979, in exchange for the state’s agreement to dismiss a distribution charge and not charge him as an *1222 habitual offender. The district court imposed a six-year hard labor sentence, to be served consecutively to a five-year sentence ordered executed due to Williams having violated parole by his commission of the present offense.[1] After the denial of a timely motion to reconsider sentence, Williams appeals the sentence as excessive and argues that the court erred in ordering that the sentences be served consecutively. We affirm.
Discussion
On December 20, 1999, an undercover individual working for the Monroe Police Department came into contact with a female who led him to Williams for the purpose of effecting a drug transaction. Williams provided one rock of crack cocaine which the female sold to the undercover agent for twenty dollars. When the officers sought to detain Williams, he dropped the pre-marked money which police later recovered near him.

Excessive Sentence

Williams first argues that the trial court erred in directing his sentences be served consecutively. Nevertheless, there is no requirement, nor has Williams cited any authority, showing that sentences imposed for the commission of a new offense must be served concurrently with sentences imposed as a result of a parole violation. Indeed, La.C.Cr.P. art. |?883 provides that sentences for offenses which do not constitute parts of a common scheme or plan “shall be served consecutively” unless the court expressly directs otherwise. See also, La. R.S. 15:574.10. In this case, the trial court specifically declined to grant Williams’ request that the sentences be imposed concurrently. Giving due regard to the fact that these offenses were committed at different times and locations, and, in the absence of a showing of abuse of the court’s discretion, we find this portion of the argument lacks merit.
Moreover, after reviewing the trial court’s articulation of reasons and the sentence imposed in accordance with the jurisprudential analysis set forth in State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009, we affirm the sentence.
The court reviewed a presentence investigation report (“PSI”) which contained Williams’ age and personal background. From the PSI, the court recited Williams’ extensive criminal background. He was convicted in 1984 on three counts of marijuana charges and placed on probation. That probation was revoked in 1986 when he was convicted of the introduction of contraband into a penal institution for which he received a consecutive five-year hard labor sentence. He pled guilty to false representation of controlled dangerous substances in 1993 and was sentenced to two and one-half years at hard labor. In 1997, he pled guilty to possession of cocaine and was sentenced to five years at hard labor but, apparently, was still granted probation which was revoked in 1999. Williams was on parole when charged with the present offense. Moreover, Williams also had misdemeanor convictions for simple battery, remaining on premises, | aforgery, loitering and traffic violations. Based upon this extensive criminal history, the court felt that there existed an undue risk Williams would commit another crime during a period of suspended or probated sentence. In mitigation, the court considered that Williams was a trustee at the *1223 Ouachita Parish Correctional Center. This record clearly shows an adequate factual basis for the sentence imposed.
Nor do we find constitutional error in the six-year sentence. Pursuant to La. R.S. 40:967 and 979, Williams faced a maximum fifteen-year sentence. At the time of the present offense, Williams’ drug involvement spanned sixteen years. Considering his two probation revocations, it is obvious that previous probationary treatment has failed to deter his criminal tendencies or assuage his propensity toward drug use. Under these circumstances, we cannot find the imposed sentence shocking to the sense of justice or a manifest abuse of the trial court’s broad discretion.

Error Patent

Our examination of the record has disclosed that the trial court informed Williams of the prescriptive period within which to apply for post-conviction relief during his guilty plea rather than at the time of sentencing as required by La. C.Cr.P. art. 930.8. This technical statutory non-compliance has no bearing on the sentence and is not grounds to reverse or remand for resentencing. The Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8(C), which requires that the trial court inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right upon an individual defendant. State ex rel. Glover v. State, 93-g3304 (La.09/05/95), 660 So.2d 1189. Accordingly, Williams is now advised by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.
Conclusion
For the foregoing reasons, we affirm Williams’ conviction and sentence. Moreover, by this opinion, Williams is informed of the limitation period for filing an application for post-conviction relief.
AFFIRMED.

. We recognize a potential error patent in the trial court’s failure to impose any portion of the sentence without benefit of parole, probation or suspension of sentence. See, La. R.S. 40:979; State v. Caldwell, 32-377 (La.App.2d Cir.09/22/99), 742 So.2d 91. Nevertheless, because the state has not appealed, the issue is not before us. Id.