911 So.2d 898 (2005)
STATE of Louisiana, Appellee
v.
Cedric W. PUGH, Appellant.
No. 40,159-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*899 Louisiana Appellate Project by James E. Beal, Jonesboro, for Appellant.
Don M. Burkett, District Attorney, Richard Zemry Johnson, Jr., Assistant District Attorney, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
DREW, J.
The record shows that on February 20, 2004, defendant entered the Stonewall Chevron Station by prying open the front door, then stole over $1,000.00 worth of cartons of cigarettes.
Charged with simple burglary, Cedric Pugh pled guilty and the court imposed a sentence of 12 years at hard labor to run consecutively to any previously-imposed sentence. The trial court denied a timely motion to reconsider sentence. Defendant appealed his sentence claiming:

*900  that the sentence was excessive because the court failed to give sufficient consideration to mitigating factors, and
 that the record does not indicate that the defendant actually pled guilty.
We affirm.

Sentence
The test imposed by the reviewing court in determining the excessiveness of sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
The defendant argues that the court failed to note as a mitigating factor that the current offense was not a major economic crime because no human life was endangered when he took cigarettes and other things. He argues that he is not the worst offender in his class. Viewing his extensive criminal record, we disagree.
A trial court is not required to list every consideration set forth in La. C. Cr. P. art. 894.1(B). Prior to imposing a sentence, the court stated that it considered both the PSI report and sentencing guidelines of art. 894.1. The PSI report reflected that defendant was a fifth felony offender. He was previously convicted of four other felonies, including three burglaries and one armed robbery. At the time of sentencing for the present offense, defendant was serving a sentence in another parish because his parole had been terminated unsatisfactorily. The court found no mitigating factors and stated that based on the totality of the defendant's criminal history, he is deserving of the maximum sentence which is reserved for those who are the most egregious offenders of the law.
The trial court imposed a sentence of 12 years at hard labor to run consecutively to any other previously imposed sentence. The defendant is a fifth felony offender who has continued to take property that belongs to others, often by force or threat of force. The defendant has certainly not learned his lesson. He received substantial benefits when the state agreed not to bill him as an habitual offender in exchange for his guilty plea. In sum, we do *901 not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice. Considering the totality of the record, this sentence is not constitutionally excessive.

Tendered Guilty Plea
In deciding whether an "imperfect" guilty plea transcript can support a conviction, the Louisiana Supreme Court has held that the entire record, without limitation to the transcript of the plea proceeding alone, may be considered in assessing whether a plea was intelligently and voluntarily entered into with full knowledge of its consequences. See State v. Shelton, 621 So.2d 769 (La.1993); and State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972). A guilty plea will not be considered free and voluntary unless, at the very least, the trial court advises the defendant of his privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. State v. Kunzman, 31,976 (La.App. 2d Cir.5/5/99), 741 So.2d 112. The defendant here knowingly and intelligently waived these three basic rights.
The guilty plea transcript begins with the trial court asking the defendant his full name. After advising the defendant of the rights that he would forfeit if he chose to tender a guilty plea and determining that the plea was voluntary and informed, the court accepted the guilty plea.
This exchange occurred on page three of the Guilty plea transcript:
THE COURT: Is your plea of guilty voluntary?
THE DEFENDANT: Yes sir.
We find that the guilty plea was entered, and it was a free and voluntary choice on the part of the defendant.

Error Patent
We observe that the trial court should have advised the defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
The conviction and sentence are AFFIRMED.