997 So.2d 122 (2008)
STATE of Louisiana, Appellee,
v.
Cedrick LAWSON, Jr., Appellant.
No. 43,655-KA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*123 Annette Roach, James H. Looney, Louisiana Appellate Project, for Appellant.
William Robert Coenen, Jr., District Attorney, Penny Douciere, Kenneth D. Wheeler, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and MOORE, JJ.
CARAWAY, J.
Cedrick Lawson, Jr., was originally charged with one count of armed robbery and one count of conspiracy to commit armed robbery in violation of La. R.S. 14:64 and 14:26. The state agreed to dismiss the armed robbery charge in exchange for Lawson's guilty plea to conspiracy to commit armed robbery. Lawson received a sentence of 15 years at hard labor.[1] After the trial court denied his timely motion to reconsider sentence, Lawson appealed on the grounds that his sentence is excessive. We affirm.
On August 12, 2006, at about 9:30 p.m., two employees were working at the Movie Gallery in Rayville, Richland Parish, when two men entered the store. Lawson produced a gun and both men robbed both employees by taking money and other items and fled the scene. Both men were subsequently apprehended and questioned by law enforcement officers. The men confessed to the crimes. They reveal that they had entered into an agreement to commit the robbery and then divide the proceeds. These facts were corroborated during the course of the investigation.
The sentencing range for conspiracy to commit armed robbery is imprisonment at hard labor for up to 49-1/2 years *124 without benefits. La. R.S. 14:64 and 14:26.[2] Lawson argues that the 15-year hard labor sentence is constitutionally excessive considering his lack of an adult criminal record or substance abuse problem. He is 17 years old. He argues that a less harsh sentence would meet the sentencing objectives and that similar sentences for the same crime have been upheld for other defendants with significant adult criminal records and whose crimes involved physical injury to the victims. Thus, he argues that he is not the worst type of offender and that a shorter period of incarceration would serve society's needs. Lawson also contends that he participated in the Marine Institute for five months for his only prior juvenile offense. He further observes that, although a gun was displayed during the crime, neither victim was physically injured. Lawson argues that he has accepted responsibility and expressed remorse for the crime.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 04-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
Prior to imposing the sentence, the court set forth the facts of the crime, including Lawson's pointing of a gun in the face of the cashier and threatening to kill *125 both employees. The court noted that Lawson initially denied participation in the crime and admitted to using the stolen money for buying drugs. The trial court discussed several factors which were listed in the pre-sentence investigation report, including the defendant's self-reported drug use (marijuana and ecstasy) and previous participation as a juvenile in the Marine Institute. The court considered the defendant's personal history, youth and statement of remorse. The seriousness of the crime and the potential for death were also noted.
On this record, we do not find constitutional error. Defendant received the benefit of a reduced charge and received a substantial benefit as a result of the plea bargain agreement. His actions threatened lives and inflicted great and long-lasting emotional distress upon innocent victims. Even with Lawson's youth and limited criminal record, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice.
For the foregoing reasons, Lawson's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The trial court's failure to impose this sentence without benefit of parole, probation or suspension of sentence will be automatically corrected by operation of La. R.S. 15:301.1. La. R.S. 14:26 provides in part that a sentence for conspiracy is to be served "in the same manner as for the offense contemplated by the conspirators." Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten nor more than ninety-nine years without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:64.
[2] There is no express statutory minimum sentence for being convicted of an attempt. See State v. Callahan, 95-1331 (La.3/29/96), 671 So.2d 903.