GASKINS, J.
 

 _JjThe defendant, Torris Dewayne Shaw, was originally charged with distribution of MDMA (ecstasy), a Schedule I controlled dangerous substance. However, he was allowed to plead guilty to attempted distribution and was sentenced to 10 years at hard labor. On appeal, the defendant contends that his sentence is excessive. We affirm the defendant’s conviction and sentence.
 

 FACTS
 

 On April 17, 2008, the 34-year-old defendant furnished four ecstasy pills to an individual who then sold them to an undercover police officer in Bossier Parish, Louisiana. The defendant was arrested for distribution of MDMA. Pursuant to a plea agreement, he pled guilty to one count of attempted distribution of MDMA, and two other drug charges were dismissed. The trial court ordered a presentence investigation (PSI) report.
 

 On October 21, 2008, the trial court sentenced the defendant to 10 years at hard labor. In imposing this sentence, the trial court noted that the defendant had a significant criminal history, including juvenile delinquency, and was classified as a third felony offender. His first felony conviction was in 1996 in Texas for possession of a controlled dangerous substance. His probation on that offense was later revoked as a result of his 1996 felony conviction on a charge of aggravated assault with a deadly weapon, also in Texas. After reviewing the unmarried defendant’s' work history and family history, including
 
 the
 
 fact that he had three children with two different women, the court observed that the defendant admitted to chronic marijuana use since age 22; however, he had never sought nor received any |2substance abuse counseling or treatment. The court stated that it had considered the provisions of La. C. Cr. P. art. 894.1 and found that there was an undue risk that during a period of suspended sentence or probation, the defendant would commit another crime. The court further stated that the defendant was in need of correctional treatment that could be provided most effectively by his commitment to an institution, and that a lesser sentence would deprecate the seriousness of the crime. The court recommended the defendant for substance abuse treatment within the Department of Corrections.
 

 The defendant’s motion to reconsider sentence was denied. He now appeals contending that the sentence imposed was excessive.
 

 LAW
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d
 
 *1197
 
 Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57 and 32004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, serious-ness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 Absent a defendant’s assertion that he was falsely or mistakenly charged with an offense, the sentencing court may consider a dismissed |,|Charge as part of the defendant’s criminal history, even when the dismissal forms part of the plea agreement.
 
 State v. Pamilton,
 
 43,112 (La.App.2d Cir.3/19/08), 979 So.2d 648,
 
 writ denied,
 
 2008-1381 (La.2/13/09), 999 So.2d 1145;
 
 State v. Cook,
 
 466 So.2d 40 (La.App. 2d Cir.1985);
 
 State v. Daley,
 
 459 So.2d 66 (La.App. 2d Cir.1984),
 
 writ denied,
 
 462 So.2d 1264 (La.1985).
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.
 

 DISCUSSION
 

 In arguing that his sentence is excessive, the defendant states that his prior convictions occurred when he was in his early twenties. He notes that only four pills were involved in the instant offense and states that there was no indication he was “a big time drug dealer.” He also contends that he has Lthree children who would benefit from his support. He asserts that his work history reveals he has the skills to reenter society as a contributing member, and he concludes by stating that a shorter sentence with additional outpatient treatment and rehabilitation would meet societal goals in this case.
 

 
 *1198
 
 The state argues that the sentence was justified given the defendant’s significant criminal history and substance abuse history. It further notes the considerable benefit the defendant received from the plea bargain, whereby he was permitted to plead guilty to an offense which did not adequately describe his criminal conduct and other drug charges were dismissed.
 

 Distribution of MDMA carries a sentencing range of imprisonment at hard labor for not less than five years nor more than 30 years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence, and a fine of not more than $50,000. La. R.S. 40:966(B)(2). A defendant who is convicted of an attempted offense shall be fined or imprisoned in the same manner as for the offense attempted, but such fine or term of imprisonment shall not exceed one-half of the greatest punishment prescribed for the completed offense. La. R.S. 14:27; La. R.S. 40:979. There is no express statutory minimum sentence for being convicted of an attempt, and principles of lenity require that the statute be strictly construed.
 
 State v. Callahan,
 
 95-1331 (La.3/29/96), 671 So.2d 903;
 
 State v. Howard,
 
 37,580 (La.App.2d Cir.9/24/03), 855 So.2d 881;
 
 State v. Latin,
 
 42,134 (La.App.2d Cir.6/20/07), 960 So.2d 1186. Therefore, the sentencing range for attempted distribution of MDMA is zero | fito 15 years at hard labor, to be served with or without benefit of parole, probation, or suspension of sentence, and a fine up to $25,000.
 
 [1]
 

 The trial court carefully considered the factors under La. C. Cr. P. art. 894.1, including the defendant’s significant criminal history and his failure to seek treatment for his longstanding drug problem. It concluded that the defendant required correctional treatment most effectively provided by his commitment to an institution.
 

 Also noteworthy is the substantial benefit the defendant received in his plea bargain; he was allowed to plead guilty to an attempt when he in fact committed the completed offense of distribution. The plea agreement also provided for the dismissal of two other pending charges.
 

 We find that the defendant’s sentence is not constitutionally excessive. The trial court did not abuse its much discretion when it imposed a proper sentence within the statutory limits which was tailored to this defendant and his offense.
 

 This assignment of error lacks merit.
 

 CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Just as the mandatory minimum term of imprisonment is reduced from five to zero years under the attempt statute, the mandatory minimum of time imposed “without benefits’’ is likewise reduced from five to zero years.
 

 Under La. R.S. 40:966(B)(2), the sentence for the completed offense may be imposed “without benefits” for five to 30 years, because the language in the sentencing portion of the statute says “at least five years of which shall be served without benefit....” Under the attempt statute, therefore, the benefits may be restricted from zero to 15 years.