ROBERT M. MURPHY, Judge.
| STATEMENT OF THE CASE
On October 31, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Cory D. Spencer, with conspiracy to possess cocaine in excess of 400 grams in violation of La. R.S. 40:979 and La. R.S. 40:967(F). On that same date, defendant .was arraigned and pled not guilty. On October 3, 2013, the defendant withdrew his not guilty plea and, in his colloquy with the trial judge, pled guilty to the lesser included offense of conspiracy to possess cocaine in excess of 28 grams in violation of La. R.S. 40:979 and La. R.S. 40:967(F)(l)(c) & (G).[1] The trial judge then sentenced defendant to imprisonment at hard labor for fourteen years without benefit of parole, probation, or suspension [sof sentence, with that sentence to run concurrently with any other sentence defendant was already serving.
On November 14, 2013, defendant filed a pro se motion to reconsider his sentence as excessive that was denied on January 17, 2014. Also on November 14, 2013, he filed a pro se motion for appeal that was granted on January 17, 2014.[2] Defendant filed a writ application with this Court challenging the trial judge’s ruling on the motion to reconsider sentence. This Court denied the writ application, noting that the trial court had granted defendant an appeal, and therefore, the issues in question could be raised at that time. Spencer v. State of Louisiana, 14-150 (La.App. 5 Cir. 3/20/14) (unpublished writ disposition).

FACTS

Because defendant entered a guilty plea, the facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that on or about October 3, 2012, defendant violated La. R.S. 40:979 and La. R.S. 40:967(F) in that he knowingly or intentionally conspired to possess cocaine in excess of 400 grams.

ASSIGNMENT OF ERROR NUMBER ONE

• There is error patent on the face of the record. The court sentenced Spencer without benefit of parole, probation or suspension of sentence. Under the applicable statues [sic ], Spencer is eligible for parole and probation.

PRO SE ASSIGNMENT OF ERROR

A proven patton-error [sic ], that Spencer received a [sic] illegal sentence when the court sentenced his [sic ] to serve his (14) years [sic ] sentence “without benefit of’ parole, probation or suspension of sentence. Which made the sentence “illegally lient” [sic ].

DISCUSSION

Defendant argues that the trial judge erred by ordering his fourteen-year sentence to be served without benefit of probation or parole. He contends that 14because there is no statutory minimum for conspiracy to possess 28 grams of cocaine under La. R.S. 40:979 and La. R.S. 40:967(F)(l)(a) and (G), his sentence should have been imposed with benefit of probation and parole. Alternatively, defendant asserts that under those statutes, *850 he is eligible for probation or parole after serving the minimum five-year sentence. The State responds that because the underlying offense has a statutory minimum of five years, defendant’s sentence should be served with at least five years without benefits. Nevertheless, the State asks this Court to affirm defendant’s conviction and sentence.
The first issue we consider is whether defendant pled guilty to conspiracy to possess cocaine in excess of 400 grams or whether he pled guilty to conspiracy to possess cocaine in excess of 28 grams.
La.C.Cr.P. art. 560, relative to a change of plea from not guilty to guilty in a felony case, provides that “[a] defendant may at any time withdraw a plea of not guilty and plead guilty, subject to the limitations stated in Articles 556 through 559.” La. C.Cr.P. art. 556.1 sets forth the specific requirements of a knowing and voluntary felony plea of guilty in defendant’s colloquy with the court. This article reads, in pertinent part:
A. In a felony case, the court shall not accept a plea of guilty or nolo con-tendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(l)The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
[[Image here]]
C. The court shall also inquire as to whether the defendant’s willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
UP. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.
La.C.Cr.P. art. 558 provides that “[t]he defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment.” The bill of information does not need to be corrected to conform the charge to that which defendant enters a guilty plea, if the defendant pleads guilty to a lesser-included offense of the same generic charge. State v. Marceaux, 542 So.2d 1121 (La.App. 5 Cir.1989).
In this case, the record reflects that the State filed a bill of information charging defendant with conspiracy to possess cocaine in excess of 400 grams in violation of La. R.S. 40:979 and La. R.S. 40:967(F). The waiver of rights form shows that defendant later pled guilty to conspiracy to possess over 400 grams of cocaine in violation of La. R.S. 40:979 and La. R.S. 40:967. That form shows that the maximum sentence the court could impose was fifteen years with or without hard labor and a fine of $125,000.00, and that defendant’s sentence would be fourteen years at hard labor without benefit of parole, probation, or suspension of sentence. In that form, when asked to explain the factual circumstances surrounding this crime, defendant indicated that he conspired to possess over 400 grams of cocaine in Jefferson Parish.
The transcript of the colloquy, however, reflects that at the beginning of the guilty plea colloquy, the trial judge stated to defendant:
*851 In matter number 12-4971, you’re entering a plea of guilty to a violation of La. R.S. 40:967, the crime of — actually, the conspiracy to possess over 28 grams of cocaine. It’s a violation of the conspiracy statute to possess those drugs, 40:979.
Afterward, defendant testified that he wanted to waive his rights and enter a guilty plea. The trial judge later stated:
[fiWith regard to an attempt to possess more than 48 grams — 28 grams, the maximum penalty which the Court could impose would be 30 years at hard labor in the custody of the Department of Corrections of the State of Louisiana and a fine of $250,000. Therefore, the maximum sentence that you can receive in this matter would be 15 years at hard labor in the custody of the Department of Corrections of the State of Louisiana and a fine of $125,000.
The trial judge also advised defendant that if the court accepted his guilty plea, his sentence would be fourteen years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant indicated he understood.
The Court: Tell me what you did.
Defendant: I did conspire.
The Court: With other individuals to possess—
Defendant: 28 grams of cocaine.
After engaging in the colloquy with defendant, the trial judge found that he knowingly, freely and voluntarily entered his guilty plea to the crime of conspiracy to possess over 28 grams of cocaine. The trial judge subsequently said that in connection with defendant’s plea of guilty to the crime of conspiracy to possess over 28 grams of cocaine, his sentence would be fourteen years at hard labor without benefit of parole, probation, or suspension of sentence. The commitment further provides that defendant pled guilty to “conspiracy to poss [sic ] over 28 grams (over 400 grams).”
Based on the foregoing, we find that defendant pled guilty to conspiracy to possess over 28 grams of cocaine.
We next consider defendant’s claim that he received an illegal sentence. We first note, however, that La.C.Cr.P. art. 881.2(A)(2) provides that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that La.C.Cr.P. art. 881.2(A)(2) precludes a defendant |7from seeking review of a sentence to which the defendant agreed prior to pleading guilty. See State v. Stevenson, 00-1296, p. 3 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166. However, defendant seeks review of a sentence under La. C.Cr.P. art. 881.2(A)(1), arguing the sentence exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions. The record reflects that defendant was sentenced in accordance with a plea agreement that was set forth in the record at the time of the plea. However, because defendant claims that his sentence exceeds the maximum sentence authorized by the statutes in question, we find that the issue raised by defendant on appeal is properly before the Court.
La. R.S. 40:967 provides, in pertinent part:
F. Other penalties for possession.
(1) Except as otherwise authorized in this Part:
(a) Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance *852 containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964,[3] shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars. (Emphasis added).
[[Image here]]
G. With respect to any person to whom the provisions of Subsection F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F.
La. R.S. 40:979 provides, in pertinent part:
A. Except as otherwise provided herein, any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this Part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or 1¡¡attempted, but such fine or imprisonment shall not exceed one-half of the longest term of imprisonment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
Under La. R.S. 40:967(F)(l)(a) (28 grams or more but less than 200 grams of cocaine) and La. R.S. 40:979, the maximum term of imprisonment defendant could have been sentenced to was one-half of thirty years, or fifteen years The trial judge reviewed this information with defendant during the guilty plea colloquy:
THE COURT:
With regard to an attempt to possess more than 48 grams — 28 grams, the maximum penalty which the Court could impose would be 30 years at hard labor in the custody of the Department of Corrections of the State of Louisiana and a fine of $125,000.[4] Therefore, the maximum sentence that you can receive in this matter would be 15 years at hard labor in the custody of the Department of Corrections of the State of Louisiana and a fine of $125,000.
[[Image here]]
[I]f the court accepts your plea of guilty, that the court would sentence you to serve 14 years at hard labor in the custody of the Department of Corrections of the State of Louisiana!.] That sentence would be without the benefit of probation, parole or suspension of sentence.
* * *
The State has advised that if the court accepts your plea of guilty to this plea agreement, that it would not file a multiple bill charging you as a multiple offender.
Defendant cites State v. Callahan, 95-1331 (La.3/29/96), 671 So.2d 903 (per curiam), in support of his position that he is entitled to the benefits of parole and probation. In Callahan, supra, the defendant was convicted of attempted possession of marijuana with intent to distribute and was sentenced to two and one-half years at *853 hard labor, which the trial court noted was the statutory minimum sentence for that crime. The Louisiana Supreme Court found that La. R.S. 1914:27(D)(3)[5] by its terms provided only a maximum sentence for a conviction of attempting to commit a crime. It further found that there was no express statutory minimum sentence for being convicted of an attempt and that principles of lenity required that the statute be strictly construed. Accordingly, the Supreme Court vacated the defendant’s sentence and remanded for resentencing.
Defendant’s position is supported by State v. Regis, 09-806 (La.App. 4 Cir. 11/12/09), 25 So.3d 183, writ denied, 10-0003 (La.6/18/10), 38 So.3d 322, a case cited by the State. In Regis, supra, the defendant was convicted of attempted possession of cocaine with intent to distribute in violation of La. R.S. 40:967(A)(l)(B)(4)(b) and La. R.S. 40:979, and was sentenced to eight years at hard labor, but without benefit of parole, probation, or suspension of sentence for the first two years. Citing Callahan, supra, the appellate court found that the defendant’s sentence had to be amended to delete the prohibition denying him benefit of parole, probation, or suspension of sentence for the first two years. Regis, 09-806 at 7, 25 So.3d at 187-88. See also State v. Latin, 42,134 (La.App. 2 Cir. 6/20/07), 960 So.2d 1186; State v. Shaw, 44,453 (La.App. 2 Cir. 6/24/09), 15 So.3d 1195.)
Conversely, the State cites State v. Caldwell, 32,377 (La.App. 2 Cir. 9/22/99), 742 So.2d 91 and State v. Williams, 34,936 (La.App. 2 Cir. 9/26/01), 795 So.2d 1221 in support of its position. In Caldwell, supra, the defendant was convicted of conspiracy to distribute cocaine in violation of La. R.S. 40:967 and La. R.S. 40:979, and was sentenced to five years at hard labor. In an errors patent review, the appellate court noted that a portion of the conspiracy sentence should |inhave been without benefits; however, it found that because the State failed to appeal, it would not correct the sentence or remand for resen-tencing. Id., 32,377 at 14, 742 So.2d at 101 n. 4. In Williams, supra, the defendant pled guilty to conspiracy to distribute cocaine in violation of La. R.S. 40:967 and La. R.S. 40:979 and was sentenced to six years at hard labor. The defendant appealed the sentence as excessive. Citing Caldwell, supra, the appellate court recognized a potential error patent in the trial court’s failure to impose any portion of the sentence without benefit of parole, probation, or suspension of sentence. Nevertheless, the appellate court found that because the State had not appealed, it would not consider the issue. Williams, 34,936 at 1, 795 So.2d at 1222 n. 1. See also State v. Dunbar, 00-1896 (La.App. 4 Cir. 8/8/01), 798 So.2d 178;[6] State v. Armstead, 02-1030 (La.App. 4 Cir. 11/6/02), 832 So.2d *854 389, writ denied, 02-3017 (La.4/21/03), 841 So.2d 791.)[7]
This Court has addressed an issue similar to the one raised by defendant in the instant case. In State v. Collins, 98-376 (La.App. 5 Cir. 3/10/99), 734 So.2d 723, the defendant was convicted of attempted first degree robbery in violation of La. R.S. 14:64.1(B) and La. R.S. 14:27(D)(3) (the attempt statute) and sentenced to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, the defendant claimed that the sentence was excessive. Citing Callahan, supra, this Court found that the appropriate sentencing range was from zero to not more than twenty years imprisonment. With respect to whether In the defendant was eligible for parole, probation, or suspension of sentence, this Court noted that the Louisiana Supreme Court in State v. Middlebrook, 409 So.2d 588, 592-93 (La.1982) ruled that “ ‘in the same manner as for the offense attempted,’ ” as stated in La. R.S. 14:27(D)(3), “ ‘means exactly what it says, i.e., that the other aspects of the imprisonment shall be ‘in the same manner’ as provided for in the crime statute itself.’ ” Therefore, this Court concluded that where the crime statute prohibited parole, probation and/or suspension of sentence, that prohibition applied to an attempt of the crime.
In the instant case, as was stated previously, La. R.S. 40:979(A) provides that the defendant shall be fined or imprisoned in the same manner as for the offense planned or attempted. La. R.S. 40:967(G) sets forth that the imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F. The maximum sentence set forth in La. R.S. 40:967(F)(l)(a) (28g or more but less than 200g) is one-half of 30 years or 15 years imprisonment at hard-labor. In light of this Court’s opinion in Collins, supra, and the cases of Caldwell, supra; Williams, supra; Dunbar, supra; and Armstead, supra; we find that defendant would not be eligible for parole, probation, or suspension of sentence until he served the minimum fifteen-year sentence. Since defendant was only sentenced to fourteen years, we find that the trial judge did not err by ordering the entire fourteen-year sentence to be served without benefit of parole, probation, or suspension of sentence.
Defendant argues in his pro se brief that he received an illegally lenient sentence when the trial judge sentenced him to a fourteen-year sentence and prohibited eligibility for parole, probation, or suspension of sentence. He contends that because he is eligible for those benefits, his sentence is illegally lenient, and he L ¡.must be resen-tenced to no more than one-third of his fourteen-year sentence or to four years and eight months imprisonment. Because the trial judge correctly sentenced defendant, however, we find defendant’s pro se assignment of error to be without merit.

CONCLUSION

Defendant’s conviction and sentence for conspiracy to possess over 28 grams but under 28 grams of cocaine are hereby affirmed.

*855
ERRORS PATENT DISCUSSION

In accordance with La.C,Cr.P. art. 920, an appellate court shall review an appeal for any error “that is discoverable by a mere inspection of the pleadings and proceedings and without .inspection of the evidence.” The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). With a plea to a lesser included offense on an unamended bill in this case, we decline to create a universal rule to set aside a guilty plea that was voluntarily and intelligently made as here, on a technicality. See La.C.Cr.P. art. 556.1(E). Under the specific facts of this case, we find that the defendant could well be “inherently prejudiced” by a reversal on patent error which would expose defendant to greater punishment. See State v. Jones, 05-226 (La.2/22/06), 922 So.2d 508.

CONVICTION AND SENTENCE AFFIRMED

LILJEBERG, J., dissents with reasons.

. The bill of information was not amended to conform to Spencer’s actual plea. Discussion follows as to whether defendant pled guilty to conspiracy to possess cocaine in excess of 400 grams or whether he pled guilty to conspiracy to possess cocaine in excess of 28 grams.

. It is noted that the trial judge found defendant’s motion timely after taking into consideration that defendant filed the motion pro se and that he was an incarcerated inmate.

. La. R.S. 40:964 was amended by the Louisiana Legislature in 2014; however, those amendments do not affect the analysis herein.

. Under both La. R.S. 40:979 and La. R.S. 40:967(a)(a) and (c), the maximum term of imprisonment was 15 years. However, as indicated by the maximum fine, the trial judge advised as to the maximum sentencing exposure for conspiracy to possess over 400 grams of cocaine. See La. R.S. §§ 40:979 & 40:967(F)(l)(c).

. La. R.S. 14:27(D)(3), similar to La. R.S. 40:979 provides:
D. Whoever attempts to commit any crime shall be punished as follows:
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

. In Dunbar, supra, the defendant was convicted of attempted possession with the intent to distribute cocaine and sentenced as a second felony offender to serve seven and one-half years at hard labor. In an errors patent review, the appellate court found that the court erred by failing to order that the first two and one-half years be served without benefit of parole, probation, or suspension of sentence (citing La. R.S. 40:967B(4)(b) and La. R.S. 40:979). However, the appellate court concluded that since this error patent was favorable to the defendant and it was not raised by the State, it would not be corrected. Id., 00-1896 at 3-4, 798 So.2d at 181.

. In Armstead, supra, the defendant was convicted of attempted possession with intent to distribute cocaine and attempted distribution of cocaine and was sentenced as a second felony offender to seven years and six months on each count. Citing Dunbar, supra, the appellate court found that the trial court erred by failing to order that the first two and one-half years of each sentence be served without benefit of parole, probation, or suspension of sentence. However, the appellate court concluded that those statutory restrictions were self-activating. Armstead, 02-1030 at 4-5, 832 So.2d at 393.