**STATE of Louisiana, Appellee**

v.

**Kendrick Lavargo WILLIAMS, Appellant**

No. 50,852-KA

Court of Appeal of Louisiana, Second Circuit.

September 28, 2016.

EDWARD KELLY BAUMAN, Counsel for Appellant

J. SCHUYLER MARVIN, District Attorney, CECIL P. CAMPBELL, II ROBERT L. PITTARD, Assistant District Attorneys, Counsel for Appellee

Before WILLIAMS, DREW and STONE, JJ.

WILLIAMS, J.

The defendant, Kendrick Lavargo Williams, was charged by bill of information with home invasion, a violation of

LSA–R.S. 14:62.8. Pursuant to a plea agreement, the defendant pled guilty to aggravated battery, a violation of LSA–R.S. 14:34. He was sentenced to serve eight years in prison at hard labor, without the benefit of parole, probation or suspension of sentence. For the following reasons, we affirm the defendant's conviction. We amend the sentence to remove the portion which provides that the sentence be served without the benefit or parole, probation or suspension of sentence. We affirm the sentence as amended.

## FACTS

On October 3, 2014, the defendant, Kendrick Williams, entered the residence of Crystal Brannon, his estranged wife, without her permission. The defendant and Brannon had been separated for several months and she had obtained a restraining order against him. The defendant entered the bedroom of the home and observed Brannon and the victim, Cazenski Bridges, in bed asleep. The defendant assaulted Bridges with a knife, a crutch and a metal broom, and fired a taser at him. As a result of the attack, Bridges lost sight in one eye for approximately two weeks.[1]

As stated above, the defendant was initially charged by bill of information with home invasion, in violation of LSA–R.S. 14:62.8. However, on the day of the guilty plea hearing, the prosecutor stated, in open court, that the state was amending the bill to charge the defendant with aggravated battery. Thereafter, the defendant pled guilty to aggravated battery. The trial court accepted the defendant's

guilty plea and ordered a presentence investigation report ("PSI").

On October 12, 2015, the trial court sentenced the defendant to serve eight years in prison without the benefit of probation, parole or suspension of sentence. The defendant did not file a motion to reconsider sentence.

The defendant now appeals.

## DISCUSSION

The defendant contends the sentence imposed was constitutionally excessive. He concedes that he is a third-felony offender; however, he argues that he is not the most egregious of offenders. He also maintains that he did not initiate the attack against Bridges. According the defendant, he acted in self-defense.

■ LSA–C.Cr.P. art. 881.1 precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Therefore, when a defendant fails to file a motion to reconsider sentence in the trial court, the appellate court's review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. *State v. Mims*, 619 So.2d 1059 (La.1993); *State v. Jones*, 41,449 (La.App. 2 Cir. 9/20/06), 940 So.2d 61.

■ A sentence violates La. Const. Art. § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. *State v. Dorthey*, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment

---

1. At the guilty plea hearing, the defendant disputed the state's presentation of the facts, asserting that he went to the residence to "check on" his wife and children. He stated that when he entered the bedroom, Bridges attacked him with a crutch. According to the defendant, he acted in self-defense against an attack initiated by Bridges. The defendant denied hitting Bridges with a broom and crutch, and he denied firing a taser in Bridges' direction. Further, the defendant stated that he was entering a plea of guilty due to the substantial likelihood that he would be found guilty by a jury.

are viewed in light of the harm to society, it shocks the sense of justice. *State v. Weaver*, 2001–0467 (La. 1/15/02), 805 So.2d 166; *State v. Washington*, 46,568 (La.App. 2 Cir. 9/21/11), 73 So.3d 440, *writ denied*, 2011–2305 (La. 4/27/12), 86 So.3d 625.

■ The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 2003–3514 (La. 12/13/04), 893 So.2d 7; *State v. Diaz*, 46,750 (La.App. 2 Cir. 12/14/11), 81 So.3d 228. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95–2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996); *State v. Fatheree*, 46,686 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*

■ As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 2007–2031 (La. 2/15/08), 974 So.2d 665; *State v. Hogan*, 47,993 (La. App. 2 Cir. 4/10/13), 113 So.3d 1195, *writ denied*, 2013–0977 (La. 11/8/13), 125 So.3d 445. However, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Fatheree, supra; State v. Germany*, 43,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792. Likewise, a substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense as originally charged, is a legitimate consideration in sentencing. *State v. Mendenhall*, 48,028 (La.App. 2 Cir. 5/15/13), 115 So.3d 727; *State v. Fatheree, supra.*

■ Whoever commits an aggravated battery shall be fined not more than $5,000, imprisoned, with or without hard labor, for not more than 10 years, or both. LSA–R.S. 14:34. As stated above, the trial court sentenced the defendant to serve eight years in prison at hard labor, without the benefit of parole, probation or suspension of sentence.

Prior to imposing the defendant's sentence, the trial court considered the factors set forth in LSA–C.Cr.P. art. 894.1. Specifically, the court noted the defendant's extensive and violent criminal history and described the defendant's criminal history as "pretty much horrible." The court also noted the defendant's educational background, employment history and family history. Thereafter, the court stated:

> Basically, Mr. Williams, you are thirty-one years old, you're a third-felony offender and you have entered a plea of guilty to aggravated battery which carries anywhere from zero to ten years and that was reduced from home invasion. *** So we consider in all the factors of 894.1, any lesser sentence than I'm about to give would deprecate the seriousness of the offense, and especially considering your criminal history in that I find that this type of behavior, due to your criminal history, is likely to [re]occur. ***

We have reviewed the record in its entirety. The defendant, a third-felony offender, had a history of violence with regard to his estranged wife. At the time he committed the instant offense, a restrain-

ing order was in place which prohibited the defendant from entering the residence. Nevertheless, the defendant entered the residence, without Brannon's consent, and |₅attacked the victim. We note that the defendant was originally charged with home invasion, which carries a maximum sentence of 25 years. As a result of a plea bargain with the state, the defendant pled guilty to aggravated battery.

The trial court considered the factors set forth in Article 894.1, noting the defendant's extensive criminal history. The defendant received a substantial benefit through the amended charge, which resulted in a reduction of his sentencing exposure. We find that the sentence imposed is neither grossly disproportionate to the seriousness of the offense, nor is it nothing more than the purposeless infliction of pain and suffering. Consequently, we find that the trial court did not abuse its discretion in sentencing the defendant. The sentence imposed is not constitutionally excessive.

### ERRORS PATENT

We have reviewed this record for errors patent. Our review reveals that the state failed to amend the bill of information to conform to the guilty plea. The prosecutor stated on the record that the state would amend the bill of information to charge the defendant with aggravated battery; however, the state failed to do so. The trial court accepted the defendant's plea of guilty to the charge of aggravated battery.

■ Generally, an accused cannot plead guilty to a crime with which he is not charged and the trial court is without authority to accept such a plea. *State v. Williams*, 47,750 (La.App. 2 Cir. 4/10/13), 112 So.3d 1022, *writ denied*, 2013–1394 (La. 12/2/13), 126 So.3d 502. However, when a defendant wishes to enter a plea of guilty to a crime nonresponsive to the original indictment, and such a plea is acceptable to the district attorney, the |₆defendant is not prohibited from making such a plea, and the district attorney is not required to file a new indictment to charge the crime to which the plea is offered. LSA–C.Cr.P. art. 487(B); *State v. Jackson*, 2004–2863 (La. 11/29/05), 916 So.2d 1015.

■ A review of the record reveals that the plea was intelligently and voluntarily made. Therefore, the trial court was not without jurisdiction to accept the defendant's plea simply because the plea was not responsive to that charged in the bill of information and the district attorney failed to amend the bill to conform to the plea agreement. *State v. Jackson, supra.*

■ Further, we find error patent in that the sentence imposed is illegal because it was ordered to be served without the benefit of parole, probation or suspension of sentence. LSA–R.S. 14:34(B) does not provide for the denial of benefits under the facts of this case.[2]

An illegal sentence may be corrected by an appellate court on review. LSA–C.Cr.P. art. 882. Therefore, we amend the defendant's sentence to remove the portion which provides that the sentence shall be served without the benefit of probation, parole or suspension of sentence.

■ Additionally, a review of the record reveals that the defendant was not

---

**2.** LSA–R.S. 14:34(B) provides, in pertinent part, "At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the aggravated battery was committed because of that status." There is no indication in this record that the defendant's act was committed because he knew the victim was either a member of the United States Armed Forces or a disabled veteran.

properly advised of the delays within which to apply for post-conviction relief. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. LSA–C.Cr.P. art. 930.8(C). Although the trial court should have advised the |₇defendant with regard to the delays within which to apply for post-conviction relief, this Court has the authority to so advise him. See, *State v. Pugh*, 40,159 (La.App. 2 Cir. 9/21/05), 911 So.2d 898.

## CONCLUSION

For the reasons set forth herein, we affirm the defendant's conviction. We amend the sentence to remove the portion which provides that the sentence be served without the benefit of parole, probation or suspension of sentence. We affirm the sentence as amended. Additionally, the defendant is hereby advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA–C.Cr.P. art. 914 or 922.

CONVICTION AFFIRMED; SENTENCE AMENDED; SENTENCE AFFIRMED AS AMENDED.