MOORE, J.
hln this criminal appeal, the defendant’s appellate counsel has filed an Anders brief and a motion to withdraw, alleging that she has made a conscientious and thorough review of the trial court record, and can find no nonfrivolous issues to raise on appeal. This court previously granted the defendant, Brandon Dickson, an additional 30 days to file a pro se brief and 10 days with which to view the appellate record. Dickson has not filed a pro se brief and any forthcoming brief would be untimely and, therefore, would not.be considered by this court. For the following reasons, we grant counsel’s motion to withdraw, and we affirm Dickson’s resentencing as to the aggravated burglary conviction.
FACTS
Dickson was charged by bill of information with aggravated burglary, in violation of La. R.S. 14:60; conspiracy to commit aggravated burglary, La. R.S. 14:26 and 14:60; unauthorized use of an access card as theft, La. R.S. 14:67.3; and, armed robbery, La. R.S. 14:64. Following a jury trial, Dickson was convicted of aggravated burglary, unauthorized use of an access card, and attempted armed robbery. He received a sentence of 34 years at hard labor without the benefit of parole, probation, or suspension of sentence for his attempted armed robbery conviction and 3 years at hard labor for his unauthorized use of an access card conviction. At the sentencing hearing, the trial court initially sentenced Dickson to 20 years at hard labor for his aggravated burglary conviction, but later stated that the sentence was 25 years at hard labor. The trial court ordered all three sentences to run concurrently. On appeal, this court affirmed Dickson’s convictions and the sentences imposed for attempted armed robbery and 12unauthorized use of an access card. Finding that the sentence imposed for aggravated burglary was indeterminate, this court vacated the sentence for aggravated burglary and remanded for resentencing. State v. Dickson, 49,984 (La.App. 2 Cir. 8/12/15), 174 So.3d 1242.
On March 3, 2016, Dickson was sentenced to 25 years’ imprisonment at hard labor on the conviction of aggravated burglary, to be served concurrently with any other sentence. A timely motion to reconsider sentence was denied on April 1, 2016. On April 26, 2016, Dickson filed a motion for appeal, which the trial court granted. The Louisiana Appellate Project was appointed to represent Dickson on appeal.
■ Dickson’s appellate counsel filed an An-ders brief and a motion to withdraw, alleging that she could find no nonfrivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96 2669 (La. 12/12/97), 704 So.2d 241, 242; State v. *888 Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176; and, State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir. 1990). The brief outlined the procedural history of the case and the actions of the trial court and contained “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, swpra. Dickson’s appellate counsel further verified that she had mailed copies of the motion to withdraw and her brief to Dickson, in accordance with Anders, Jyles, Mouton and Benjamin, supra.
Dickson previously requested and was supplied a copy of the appellate record. He did not, however, file a pro se brief.
^DISCUSSION
Our review of the record disclosed no nonfrivolous issues and no arguments or rulings which arguably support an appeal. The record shows that Dickson’s convictions and sentences, except for the aggravated robbery sentence, were previously appealed and affirmed by this court. Upon remand for resentencing for the aggravated burglary conviction, the trial court sentenced Dickson to 25 years at hard labor to be served concurrently with the other sentences imposed in this case. This sentence is lawful and not excessive.

ERROR PATENT REVIEW

Our review reveals that, at resentencing, the trial court failed to advise Dickson of the time delays for filing an application for post-conviction relief in compliance with La. C. Cr. P. Art. 930.8. Although Dickson was previously informed of his right to post-conviction relief at his original sentencing, the trial court failed to re-inform Dickson upon his resentencing for his aggravated burglary conviction.
The Louisiana Supreme Court has held that La. C. Gr. P. Art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language that does not bestow an enforceable right to an individual defendant. State v. Williams, 34,936 (La.App. 2 Cir. 9/26/01), 795 So.2d 1221. The failure to advise a defendant of these rights is not grounds to vacate the sentence and remand for resentencing. Id. at 1223; State v. Cooper, 31,118 (La.App. 2 Cir. 9/23/98), 718 So.2d 1063, writ denied, 99-0187 (La. 5/14/99), 741 So.2d 663. The trial court should have | ¿advised Dickson, and the defendant is hereby advised, that no application for post-conviction relief, including applications to seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. Arts. 914 or 922. See State v. Pugh, 40,159 (La.App. 2 Cir. 9/21/05), 911 So.2d 898; State v. Williams, 50,852 (La.App. 2 Cir. 9/28/16), 207 So.3d 552, 2016 WL 5404381.
CONCLUSION
For the foregoing reasons, we grant appellate defense counsel’s motion to withdraw, and we affirm the defendant’s convictions and sentences.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.