852 So.2d 1149 (2003)
STATE of Louisiana, Appellee,
v.
Tommy BEVERLY, Appellant.
No. 37,301-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
John M. Lawrence, Indigent Defender Board, Shreveport, for Appellant.
J. Schuyler Marvin, District Attorney, H. Melissa Sugar, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and TRAYLOR (Pro Tempore), JJ.
GASKINS, J.
The defendant, Tommy Beverly, was originally indicted for first degree murder in the shooting death of Monica Bradley. Pursuant to a plea bargain, he was allowed to plead guilty to attempted first degree murder and sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence. Defense counsel argues that the defendant's sentence is excessive. In a pro se brief, the defendant asserts that the state breached the plea bargain. We remand the case to the trial court for a hearing to determine whether the defendant shall be granted a hearing on his motion for reconsideration of sentence or whether he shall be allowed to withdraw his guilty plea.
On November 21, 1997, the victim died after being shot multiple times. She was the former wife of the defendant's cousin, *1150 Demetrius Bradley. The defendant admitted to the police that Bradley offered him an automobile and an undetermined amount of cash to kill the victim. According to the defendant, he and Bradley laid in wait for the victim outside her residence. As Bradley watched, the defendant approached the victim as she was leaving for work. The defendant initially attempted to shoot her with a .22 caliber rifle but the weapon misfired. The defendant then shot the victim at least four times with a 9 mm pistol.[1] Two bullets grazed her, one passed through the facial bones, and a fourth went through her right lung.
When questioned, the defendant cooperated with the police and made a full confession. Both he and his cousin were indicted for first degree murder. The state elected to pursue the death penalty against both of them.
On April 7, 2000, the defendant pled guilty to attempted first degree murder. This plea was entered pursuant to an agreement with the state whereby the defendant would testify truthfully against Bradley. The defendant agreed to waive sentencing delays and be immediately sentenced to 50 years at hard labor without the benefit of parole, probation or suspension of sentence. The stated purpose for the immediate imposition of sentence was to allow the defendant to be removed from the Bossier Parish Jail, where Bradley was also an inmate, and transferred to a facility operated by the Department of Corrections where he would be safe. As outlined by the prosecutor, the terms of the agreement called for the defendant to file a timely motion to reconsider sentence, which would not be heard until after Bradley's trial. The state also requested that the trial court order a post-sentence investigation as if it were a pre-sentence investigation. The plea was then entered and the sentence imposed in accordance with the terms of the agreement.
On April 17, 2000, the defendant filed a timely motion to reconsider. On that same day, he also filed a motion for appeal; he later assigned excessive sentence as error. However, in February 2001, this court dismissed the appeal without prejudice. We noted that the sentence was imposed in conformity with a plea agreement that specified that the trial court would reconsider the defendant's sentence after he testified at his co-defendant's trial, which was scheduled for March 2001. We found that since the trial court had not ruled on the motion to reconsider, the appeal was premature.
The record indicates that instead of being tried, Bradley entered a plea; consequently the defendant was not required to testify against him. In October 2002, the defendant filed a motion asking the court to rule on the motion for reconsideration. The trial court denied the motion.
The defendant appealed. In his brief, defense counsel argues that the sentence is excessive. In a supplemental pro se brief, the defendant contends that the plea agreement was breached or unfulfilled by the state and that the matter should be remanded for performance of the agreement or withdrawal of his guilty plea. He also contends that his counsel was ineffective because he failed to file a motion to withdraw the plea or for performance of the agreement.
The record shows that the state, the defense and the court agreed that after the *1151 trial of the co-defendant "the defense will request a sentencing hearing and [the state] will be asking the Court to take the sentencing hearing into consideration on the Reconsideration (sic) as it would normally do in the very first hearing." The record further shows that, although the defense requested a sentencing hearing when it became clear that defendant's testimony would not be needed at trial, the court denied the motion for reconsideration without conducting said hearing in violation of the terms of the plea bargain.
A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the bargain are not satisfied. State v. Dixon, 449 So.2d 463, 464 (La.1984); State v. Hall, 26,006 (La.App.2d Cir.5/4/94), 637 So.2d 645, writ denied, 94-1373 (La.9/30/94), 642 So.2d 868; State v. Bates, 29,252 (La.App.2d Cir.1/22/97), 711 So.2d 281; State v. Hoover, 34,952 (La. App.2d Cir.4/5/01), 785 So.2d 184.
Even after sentence is imposed, if a trial court finds that the guilty plea was not free and voluntary, such as due to a breach of a plea bargain, the trial court has the authority to vacate the sentence and set aside the plea. State v. Boudreaux, 616 So.2d 733 (La.App. 1st Cir. 1993), writ denied, 629 So.2d 357 (La. 1993).
Accordingly, we remand the matter to the trial court which shall conduct a hearing to determine whether the defendant shall be granted a hearing on his motion for reconsideration of sentence or whether he shall be allowed to withdraw his guilty plea.
REMANDED.
NOTES
[1] We note that the record contains a September 1998 letter from the defendant to the judge and a 1999 psychiatric report from a member of the sanity commission in which the defendant recounted a different version of the victim's death wherein he was not the shooter.