WILLIAMS, J.
The defendant, Tommy Beverly, was indicted by a grand jury for first degree murder, a violation of LSA-R.S. 14:30. The state elected to pursue the death penalty. Subsequently, pursuant to a plea agreement, the defendant pled guilty to attempted first degree murder, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:30. The trial court sentenced the defendant to serve fifty years at hard labor without the benefit of parole, probation or suspension of sentence.
This court has remanded this case on a prior appeal, ordering the trial court to “conduct a hearing to determine whether the defendant shall be granted a hearing on his motion for reconsideration of sentence or whether he shall be allowed to withdraw his guilty plea.” State v. Beverly, 37,301 (La.App.2d Cir.8/20/03), 852 So.2d 1149. The trial court held a hearing and denied the motion to reconsider sentence. The defendant again appeals, arguing that the trial court failed to comply with this court’s order because it did not address whether he should be allowed to withdraw his guilty plea. For the following reasons, we again remand this matter to the trial court to comply with our original order.
The defendant confessed to the police that he was hired by his cousin, Demetrius Bradley, to kill Bradley’s former wife, Monica Bradley. The defendant admitted that on November 21, 1997, he and Bradley, along with two other individuals, went to the victim’s residence in Bossier City, Louisiana. They lay in wait for the victim to come out of her residence. The defendant attempted to shoot the victim with a .22 rifle that he had received from Bradley, but the rifle misfired. He then took a *1169 9-mm pistol | ¡.from Bradley and fired several times. The victim died from multiple gunshot wounds.
The defendant’s guilty plea to attempted first degree murder was conditioned on the following: (1) that he would testify truthfully against Bradley at his trial; (2) that he would waive all sentencing delays and be sentenced to serve fifty years at hard labor without the benefit of parole, probation or suspension of sentence; (3) that he would file a timely motion to reconsider his sentence, which would be addressed after Bradley’s trial and (4) that after Bradley’s trial, the defense would request a sentencing hearing where the court would address the motion for reconsideration of sentence. According to the state, the purpose of the immediate sentence was to protect the defendant’s safety by removing him from the facility where Bradley was also an inmate. In addition to the foregoing conditions, the state requested that the trial court order a post-sentence investigation report as if it were a pre-sentence investigation report. The trial court granted this request.
On April 17, 2000, the defendant filed a timely motion to reconsider his sentence and a motion for an appeal (he later assigned as error excessive sentence). We dismissed the appeal without prejudice, finding that because the trial court had not ruled on the motion to reconsider the defendant’s sentence, the appeal was premature. We found that the sentence was imposed in conformity with the plea agreement, which provided that the trial court would reconsider the defendant’s sentence after he testified at Bradley’s trial, which was scheduled for March 2001.
| ¡¡The record indicates that Bradley later pled guilty, thereby negating any need for the defendant’s testimony. In October 2002, the defendant filed a motion to rule on the motion for reconsideration of sentence, which the trial court denied. The defendant again appealed. Defense counsel argued in brief that the sentence was excessive. Defendant filed a supplemental pro se brief, arguing that the plea agreement was breached or unfulfilled by the state. We remanded the case and ordered the trial court to “conduct a hearing to determine whether the defendant shall be granted a hearing on his motion for reconsideration of sentence or whether he shall be allowed to withdraw his guilty plea.” State v. Beverly, supra.
There is no record that the trial court held a hearing in accordance with this court’s order. Instead, on March 29, 2004, the trial court held a hearing that directly addressed the defendant’s motion to reconsider sentence. The trial court stated that the plea agreement allowed the defendant to file a motion to reconsider his sentence without objection from the state in return for the defendant’s testimony against Bradley. The trial court discussed the involvement of both the defendant and Bradley in the ’crime and reviewed the defendant’s post-sentence investigation report. The trial court found that there was nothing to support its reduction of the defendant’s sentence and the defendant had already received “a tremendous amount of leniency” by being allowed to plead guilty to attempted first degree murder. The court then denied the motion to reconsider.
Since the defendant correctly argues that the trial court failed to discuss whether he should have been allowed to withdraw his guilty plea in | compliance with this court’s order, we again remand this matter to the trial court.
REMANDED.