MOORE, J.
The defendant, Frederick Patterson, pled guilty as charged to one count of aggravated second degree battery, in violation of La. R.S. 14:34.7. The trial court sentenced Patterson to 15 years at hard labor, the entire sentence to be served *734 consecutively to any sentence he may be required to serve in Tennessee. A motion to reconsider sentence was filed and denied by the trial court. Patterson filed this appeal alleging that the trial court failed to sentence him in accordance with his plea agreement and that the maximum consecutive sentence imposed constitutes cruel and unusual punishment. For the following reasons, we affirm Patterson's conviction, but vacate his sentence and remand to the trial court for resentencing in accordance with the plea agreement.
FACTS
On September 18, 2012, Patterson was charged with the aggravated second degree battery of his estranged girlfriend, Jacqueline Evans. The bill of information alleged that Patterson intentionally attacked Evans with a knife, injuring her on August 18, 2012. That same day, Patterson waived formal arraignment and pled not guilty.
Due to several continuances, a preliminary exam was not held until May 24, 2016. Patterson pled guilty as charged on September 19, 2016 as a result of reaching a plea agreement. The terms of the agreement were discussed in open court:
MR. ENRIGHT: He's going to enter a plea of guilty. Is that correct?
THE DEFENDANT: Yes, sir. Your Honor.
MS. MCGINNESS: And, Your Honor, for the record, that would be in Docket No. 308,856 to the charge of aggravated second degree battery. The state would dismiss Docket No. 309,532, the aggravated assault, and the sentence would be up to the Court. The state would agree not to file a multi bill. It's my understanding that at defense's request, we're going to bring the matter back for sentencing after the plea...
....
THE COURT: ... Now, before I go any further, let me tell you what the discussions were with the Court about a possible, and I'd even say probable, sentence before you came in here and that basically is on this charge, you're looking at 15 years in the penitentiary. I understand-maximum.
I understand that there is a hold on you from the state of Tennessee. I indicated that I would make part of this concurrent and part of this consecutive, but no more than five years consecutive to whatever you're facing in Tennessee. Now, the state, I believe, has no objection to that as such and I believe your attorney would recommend that, but before I start going into all of that-did I accurately state that, counsel?
MS. MCGINNESS: Yes, Your Honor
MR. ENRIGHT: That's our understanding.
THE COURT: All right. Do you want to go ahead with that? Are we going ahead?
THE DEFENDANT: Yes, sir, your honor.
The state provided the following factual basis for the offense during Patterson's guilty plea colloquy:
On or about August 18, 2012, Frederick Patterson committed the offense of aggravated second degree battery in that he did commit battery with a dangerous weapon, that weapon being a knife, upon the person of Jacqueline Evans, in which he did intentionally inflict serious bodily injury, that bodily injury being extreme physical pain and the protracted loss of functioning of her lung. She was stabbed at least three times in the back and did suffer a collapsed lung and these events did occur in Caddo Parish.
Following additional questions by the court to the defendant, the court determined *735 that Patterson's guilty plea was knowingly and intelligently made and that the defendant voluntarily waived his constitutional rights.
On October 11, 2016, Patterson was sentenced to serve 15 years at hard labor, and the trial court ordered that Patterson's entire sentence be served consecutively to his Tennessee sentence. This was, of course, different from what the court told Patterson during its discussion of the terms of the plea agreement. Patterson filed a motion to reconsider his sentence, which was denied.
This appeal followed.
DISCUSSION
In his first assignment of error, Patterson alleges that the court erred in failing to sentence him in accordance with the agreement set out at the time of the guilty plea.
Patterson argues that he entered a plea agreement with the state whereby, in exchange for his guilty plea, the state would drop his pending misdemeanor charge and would not file a habitual offender bill against him. Additionally, the trial court would determine the length of the sentence to be imposed, but not more than five years of that sentence would be served consecutively to the sentence Patterson must serve in Tennessee. The trial court confirmed that no more than 5 years of the sentence it imposed would be served consecutively to whatever time he served in Tennessee. However, since the trial court ordered that Patterson's entire 15-year sentence is to be served consecutively to his Tennessee sentence, the trial court violated the terms of his plea agreement.
The state does not contest this assertion, and it agrees that the trial court failed to sentence Patterson in accordance with the plea agreement discussed during Patterson's guilty plea.
A plea agreement is a contract between the state and a criminal defendant. State v. Young , 50,072 (La. App. 2 Cir. 8/12/15), 174 So.3d 719, appeal after remand , 51,175 (La. App. 2 Cir. 2/15/17), 215 So.3d 906 ; State v. Bouwell , 45,635 (La. App. 2 Cir. 9/22/10), 48 So.3d 335 ; State v. Davis , 41,430 (La. App. 2 Cir. 11/1/06), 942 So.2d 652.
In State v. Young, supra , this court explained the principles governing the validity of plea agreements:
In determining the validity of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. State v. Givens , 1999-3518 (La. 1/17/01), 776 So.2d 443. The party demanding performance of a contract has the burden of proving its existence. State v. Louis , 94-0761, p. 7 (La. 11/30/94), 645 So.2d 1144 at 1149. In the context of plea bargains, a defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. Id. at 1149-50 ; see also , State v. Tanner , 425 So.2d 760, 763 (La. 1983).
Contracts have the effect of law for the parties and must be performed in good faith. La. C.C. art. 1983. A party has an implied obligation to make a good faith effort to fulfill the conditions of a contract. Bloom's Inc. v. Performance Fuels, L.L.C., 44,259 (La. App. 2 Cir. 7/1/09), 16 So.3d 476, writ denied , 2009-2003 (La. 11/20/09), 25 So.3d 800. When there are reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own *736 obligation. La. C.C. art. 1993. Also, a party to a commutative contract may refuse to perform his obligation if the other has failed to perform. La. C.C. art. 2022.
A plea is constitutionally infirm when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the agreement are not satisfied. State v. Young, supra ; State v. Bouwell, supra ; State v. Davis, supra ; State v. Beverly , 37,301 (La. App. 2 Cir. 8/20/03), 852 So.2d 1149. When a plea agreement is breached, the defendant has the option of specific performance or to withdraw the guilty plea. State v. Byrnside , 34,948 (La. App. 2 Cir. 8/22/01), 795 So.2d 435.
As previously explained, in exchange for Patterson's guilty plea, the state agreed to dismiss a pending misdemeanor charge in a separate docket number and to not file a habitual offender bill. Prior to taking Patterson's guilty plea, the trial court stated in explaining its discussions with the attorneys, that it intended to make Patterson's sentence partly consecutive and partly concurrent, and it stated that no more than five years of his sentence would be served consecutively with what remains of his (40-year) sentence in Tennessee. Importantly, the trial court then asked, "[d]id I accurately state that, counsel?" Both the prosecutor and defense counsel responded, "[y]es."
Accordingly, the state and Patterson understood the trial court's statement to be part of the plea deal. Therefore, both parties agree that the trial court violated the plea agreement when the court ordered that Patterson's entire 15-year sentence at hard labor run consecutively to the remaining Tennessee sentence he must serve.
We also note that the error is not automatically corrected on appeal because the trial court did not specify how much of the sentence would be consecutive to the Tennessee sentence but simply agreed, at the taking of the guilty plea, that "no more than 5 years" of Patterson's sentence would run consecutively to his (40-year) sentence in Tennessee.
Accordingly, the sentence is vacated and the case remanded to the trial court for resentencing in compliance with the plea agreement. Compare State v. Boehm, 51,229 (La. App. 2 Cir. 4/5/17), 217 So.3d 596, 600, and State v. Rose , 50,861 (La. App. 2 Cir. 9/28/16), 206 So.3d 1102, with State v. Johnson , 50,248 (La. App. 2 Cir. 2/24/16), 188 So.3d 291.
The defendant also complains in his second assignment of error that the maximum consecutive sentence imposed is harsh and excessive to the degree that it is cruel and unusual punishment. Because we vacate the sentence imposed and remand to the trial court with instructions to impose a sentence that complies with the plea agreement, there is no need to consider this assignment.
ERROR PATENT
Our review of the sentencing record reveals that the trial court failed to properly advise Patterson of the time delays for filing an application for post-conviction relief in compliance with La. C. Cr. P. art. 930.8. Rather than inform Patterson that he has two years from the date his conviction became final, the trial court incorrectly stated that Patterson had two years from the date of his sentencing to seek post-conviction relief.
The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language that does not give an enforceable right to an individual defendant.
*737 State v. Williams , 34,936 (La. App. 2 Cir. 9/26/01), 795 So.2d 1221. The failure to advise a defendant of these rights is not grounds to vacate the sentence and remand for resentencing. Id. at 1223 ; State v. Cooper , 31,118 (La. App. 2 Cir. 9/23/98), 718 So.2d 1063, writ denied , 99-0187 (La. 5/14/99), 741 So.2d 663.
Accordingly, we hereby advise the defendant that no application for post-conviction relief, including applications to seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. See State v. Pugh , 40,159 (La. App. 2 Cir. 9/21/05), 911 So.2d 898 ; State v. Williams , 50,852 (La. App. 2 Cir. 9/28/16), 207 So.3d 552.
CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction, vacate the sentence imposed, and remand to the trial court for resentencing in accordance with the plea agreement.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.