BROWN, C.J.
Defendant, Amethyst Baird Rathore, pled guilty to illegal possession of stolen things, in violation of La. R.S. 14:69, and possession of methamphetamines, in violation of La. R.S. 40:967, and she was sentenced to ten years at hard labor as to each of the two charges, which were ordered to run consecutively. She has appealed from the trial court's sentencing enhancement under La. R.S. 40:982 as violating her plea agreement or, alternatively, as rendering her guilty plea involuntary. Defendant also challenges as excessive her sentences for both charges. Finding no error, we affirm.
FACTS
On April 28, 2016, law enforcement officers received a call regarding a burglary at a rental house. While checking the property, the owner encountered Defendant inside the house. Defendant fled the scene, but was identified by a witness and apprehended by officers at her residence. Officers obtained a search warrant for Defendant's house and discovered several items *631 in Defendant's garage that had been stolen from the rental house. On August 4, 2016, she was charged by bill of information with illegal possession of stolen things, with a value exceeding $1,500, and criminal trespass in Trial Court Docket No. 16-F1111. At arraignment, Defendant pled not guilty and was later granted bail.
On November 4, 2016, while out on bail, Defendant was involved in a two-car collision on Louisville Avenue in Monroe, Louisiana. Defendant rear-ended the other person's vehicle and then fled the scene. According to Defendant, she drove into the adjacent Burger King parking lot to "get out of the road." Officers with the Monroe Police Department approached her. They reported that Defendant left her vehicle and approached another witness in the same parking lot, demanding to know who hit her car. Officers also reported that Defendant appeared disoriented, and her speech was slurred. During the booking process, officers discovered a white substance on a folded dollar bill found in Defendant's pocket; this substance later tested positive for methamphetamine. On December 2, 2016, Defendant was charged by bill of information with possession of methamphetamines, hit-and-run, and having no driver's license in her possession, in Trial Court Docket No. 16-F2934. Defendant also pled not guilty to these charges. Defendant was released on bond.
On January 7, 2017, Defendant was arrested in Morehouse Parish for attempted first degree murder of a Louisiana Department of Wildlife and Fisheries agent.
On March 2, 2017, the State amended the bill of information in both docket numbers in Ouachita. Defendant withdrew her previous pleas of not guilty under both docket numbers and pled guilty as charged to illegal possession of stolen things and possession of methamphetamines. In exchange, the State agreed to dismiss the remaining charges of criminal trespass, hit-and-run, and driving without a license.[1] The State further noted that that a presentence investigation (PSI) would be ordered in both cases prior to Defendant's sentencing. During her guilty plea colloquy, the trial court informed Defendant of her Boykin rights as well as the possibility of being charged as a habitual offender in the future. Lastly, the trial court advised Defendant of the penalties for the crimes to which she was pleading guilty, noting that the trial court had the right to sentence Defendant to the maximum sentence the law would allow.
On August 23, 2017, the State filed a motion to invoke sentencing guidelines pursuant to La. R.S. 40:982(A), seeking to sentence Defendant for possession of methamphetamines, second offense. In its motion, the State argued that enhancement of Defendant's sentence was appropriate as she had previously been convicted of the same offense on December 3, 2007. A hearing on the motion was held on the same day. Defense counsel did not oppose this motion orally or in writing.
The trial court granted the motion in a written ruling at the sentencing hearing on September 6, 2017. The State then recommended that Defendant be sentenced to the maximum sentences permissible under the law and that the sentences run consecutively. After reviewing the PSI, the trial court sentenced Defendant to serve ten years at hard labor for possession of methamphetamines and ten years at hard labor for illegal possession of stolen things; the *632 sentences were ordered to run consecutively, with credit for time served. The trial court also ordered Defendant to pay restitution in the amount of $2,500 to the victim of the burglary. No restitution was awarded to the victim that Defendant hit with her vehicle because this victim has since filed a tort claim. Defendant filed a motion to reconsider sentence on October 2, 2017, which was denied.
The instant appeal followed. This Court consolidated both matters on its own motion because they share the same guilty plea and sentencing transcripts.
DISCUSSION
Guilty Plea
With her first assignment of error, Defendant contends that the trial court violated her plea agreement by sentencing her to serve ten years at hard labor for possession of methamphetamines as a second offender under La. R.S. 40:982. She asserts that she justifiably believed that upon pleading guilty to possession of methamphetamines, the maximum sentence that she would receive was five years' imprisonment as proscribed under La. R.S. 40:967. Accordingly, Defendant asserts that she is entitled to specific performance of the plea agreement, limiting her sentencing exposure to five years on her possession of methamphetamines conviction. Alternatively, Defendant asserts that she should be allowed to withdraw her guilty plea as it was not knowingly and voluntarily made.
The State contends that it did not agree to forgo sentencing enhancement under La. R.S. 40:982, and Defendant had notice that the State intended to use other crimes to enhance any sentence when the State filed the motion to invoke the sentencing guidelines on August 23, 2017. Furthermore, defense counsel failed to object to the State's motion to invoke La. R.S. 40:982.
A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). An express and knowing waiver of those rights must appear on the record. Id. ; State v. Johnson , 51,430 (La. App. 2d Cir. 7/5/17), 224 So.3d 505.
Where the record establishes that an accused was informed of and waived her right to trial by jury, to confrontation, and against self-incrimination, then the burden shifts to the accused to prove that despite this record, her guilty plea was involuntary. State v. Wynne , 40,921 (La. App. 2d Cir. 4/12/06), 926 So.2d 789 ; State v. Johnson , supra .
In order to accept a plea of guilty, the trial court must "make sure [the defendant] has a full understanding of what the plea connotes and of its consequences." Boykin , supra . Louisiana codified this precept, in part, in La. C. Cr. P. art. 556.1.
A plea is constitutionally infirm when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the agreement are not satisfied. State v. Young , 50,072 (La. App. 2d Cir. 8/12/15), 174 So.3d 719, appeal after remand, 51,175 (La. App. 2d Cir. 2/15/17), 215 So.3d 906, writ denied , 17-0472 (La. 11/13/17), 230 So.3d 204 ; State v. Bouwell , 45,635 (La. App. 2d Cir. 9/22/10), 48 So.3d 335.
La. R.S. 40:982 grants the state the right to seek an enhanced sentence when a *633 person is convicted of a drug-related offense if, prior to the commission of the present conviction, the offender had been convicted of any other drug-related offense. State v. Skipper , 04-2137 (La. 6/29/05), 906 So.2d 399, 403.
In the case sub judice , at the plea agreement hearing, the State advised the trial court that Defendant would plead guilty to illegal possession of stolen things, valued at greater than $1,500, and possession of methamphetamines, and the State would dismiss the additional charges of criminal trespass (Trial Court No. 16-F1111), hit-and-run, and driving without a license (Trial Court No. 16-F2934) upon sentencing. The State further informed the trial court that the PSI would be ordered, and Defendant would pay restitution to her victims, the amount of which would be determined by the PSI. At this point, the State ended its articulation of the plea terms with "that is the only agreement."
At the plea colloquy, the trial court repeatedly stated that, depending on the outcome of the PSI, Defendant could be sentenced "up to the maximum that the law allows." At no point was Defendant advised that, as a second drug offender under La. R.S. 40:982, she faced a potential sentence of a ten-year imprisonment. Rather, the trial court informed Defendant that the maximum sentence for possession of methamphetamines was five years with or without hard labor, and her conviction could be used in future habitual offender proceedings.
Although Defendant was not advised of potential sentencing enhancement under La. R.S. 40:982 at the plea agreement hearing, the trial court was not precluded from enhancing Defendant's sentence under this statute because there was no prior agreement as to sentencing. The dissenting judge in State v. Hayes, 423 So.2d 1111, 1115 (La. 1982), a case that Defendant relies upon, opined that "[t]he record must indicate that a bargain was made in reference to the multiple offender charge in order to come within the principles of Santobello v. New York , 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971) ; otherwise, there would be no bargain to enforce."
The record is devoid of any evidence of an agreed-upon sentence. No numerical sentence or range of sentence is found in the record. Thus, such an enhanced sentence does not violate Defendant's plea agreement or render it involuntary. Moreover, the trial court did inform Defendant a number of times that she would be sentenced to the maximum allowed "under the law," which necessarily includes potential sentencing enhancement under La. R.S. 40:982 ; she still agreed to the plea of guilty.
At the plea colloquy on March 2, 2017, the trial court Boykinized Defendant on her rights to counsel, against self-incrimination, to trial, to remain silent, to confront her accusers, and to call witnesses on her behalf. The trial court advised Defendant about her sentencing exposure in that the penalty for possession of methamphetamines was five years with or without hard labor, and a potential fine of not more than $5,000. When asked whether defense counsel informed her of the nature and the consequences of her plea deal, Defendant replied in the affirmative. This meets the statutory requirement that the trial court must determine whether Defendant understands the nature and consequences of pleading guilty under La. C. Cr. P. art. 556.1(A)(1). Defendant was also notified that the State may use these convictions to seek sentencing enhancement in the future under the habitual offender statute.
On August 23, 2017, the State filed a motion to invoke the sentencing enhancement *634 provisions of La. R.S. 40:982, and a hearing was held. Notably, defense counsel failed to file an opposition to the State's motion or lodge an objection regarding the motion and the use of La. R.S. 40:982 at this hearing. At the conclusion of enhanced sentencing invoking proceedings, the defense attorney requested leave to review the sealed, expunged records. The trial court granted the defense's request and allowed both the State and defense to view Defendant's expunged records. The record is void of any showing that defense counsel lodged an objection after he reviewed the expunged records. As such, the State appropriately invoked La. R.S. 40:982 post-conviction pursuant to State v. Skipper , supra , relying upon a previously expunged conviction for the same offense committed in 2007. Defendant has not argued that counsel was ineffective and failed to inform her of the enhanced sentencing provision. By failing to object to the State's motion, Defendant failed to preserve the sentencing enhancement issue for appeal. Defendant cited and discussed State v. Hayes, supra , in support of her assertion that the State violated the plea agreement or made her plea involuntary by seeking sentencing enhancement after the plea agreement hearing. Hayes is distinguishable from the instant matter; in that case, the defense counsel opposed the application of La. R.S. 40:982 at the very time that the prosecution sought to use it to enhance sentencing.
In this case, defense counsel did not object or oppose the motion to invoke such enhanced sentencing. In fact, he acquiesced to the trial court. Also distinguishable from the instant matter is that in State v. Hayes, supra , the record shows that the defendant agreed to a four-year sentence without being multi-billed. The instant record shows an agreement to be sentenced to the maximum allowed under the law, which necessarily includes the enhanced sentencing under La. R.S. 40:982.
A review of the transcript reveals that Defendant's guilty plea was knowingly and intelligently made even though the record shows that her counsel was not aware of the expunged, prior predicate offense conviction in 2007. Defendant knew or should have known that her prior expunged conviction would be used and should have disclosed her expunged conviction to her counsel. The record also reveals that the only agreement the prosecution made was to drop all three misdemeanor charges in exchange for the guilty plea to the two counts of possession of stolen things and possession of methamphetamines. There is not an agreed-upon sentence. The prosecution stated "that is the only agreement" after articulating the terms of the plea and requesting the court to order a PSI. The trial court thrice advised Defendant that she could be sentenced to the maximum allowed under the law. There is no evidence of any promise or agreement with Defendant by the State about sentencing enhancement. There is no indication in the record that the State agreed to forgo seeking the enhanced sentencing.
Excessive Sentence
With her second and last assignment of error, Defendant contends that the trial court erred by imposing an unconstitutionally harsh and excessive sentence, arguing that two ten-year consecutive sentences for nonviolent offenses are grossly disproportionate to the severity of the crimes and are, therefore, excessive. Defendant further asserts that the trial court erroneously relied on charges pending against her in Morehouse Parish, including an attempted first degree murder charge, during her sentencing hearing.
On review, an appellate court does not determine whether another sentence *635 may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2d Cir. 1/15/14), 130 So.3d 993 ; State v. Darnell , 51,499 (La. App. 2d Cir. 08/09/17), 243 So. 3d 1162, 2017 WL 3401352, writ denied , 17-1526 La. 5/25/18, 242 So. 3d 1231, 2018 WL 2441211 ; State v. Billingsley , 13-11 (La. App. 3d Cir. 10/9/13), 123 So.3d 336. Thus, a trial court's sentence will not be set aside absent a manifest abuse or arbitrary exercise of discretion. State v. Cook , 32,110 (La. App. 2d Cir. 06/16/99), 742 So.2d 912, 919 ; State v. Bates , 29,252 (La. App. 2d Cir. 1/22/97), 711 So.2d 281, 286-87.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Washington , 50,337 (La. App. 2d Cir. 1/13/16), 185 So.3d 852, writ denied , 16-0224 (La. 2/3/17), 215 So.3d 688 ; State v. Smith , 48,196 (La. App. 2d Cir. 6/26/13), 117 So.3d 1273.
In this case, the two charges are not based on the same act or transaction or constitute parts of a common scheme or plan.
La. C. Cr. P. art. 883 states, in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Johnson , 42,323 (La. App. 2d Cir. 8/15/07), 962 So.2d 1126 ; State v. Maxie , 30,877 (La. App. 2d Cir. 8/19/98), 719 So.2d 104. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, whether the defendant constitutes an unusual risk of danger to the public, the defendant's apparent disregard for the property of others, the potential for rehabilitation, and whether the defendant has received a benefit from a plea bargain. State v. Coleman , 32,906 (La. App. 2d Cir. 4/5/00), 756 So.2d 1218, writ denied , 00-1572 (La. 03/23/01), 787 So.2d 1010.
For the purposes of sentencing, a trial court is not limited to considering only a defendant's prior convictions. State v. Hampton , 50,561 (La. App. 2d Cir. 5/18/16), 195 So.3d 548, writ denied , 16-1181 (La. 5/26/17), 221 So.3d 854 ; State v. Bright , 39,003 (La. App. 2d Cir. 10/27/04), 886 So.2d 1183. The sources of information relied upon by the trial court are varied and may include information not normally admissible at trial, such as hearsay, prior arrests without disposition, and suspicions of criminal activity without actual proof the defendant committed the other offenses. State v. Hampton , supra at 561 ; State v. Platt , 43,708 (La. App. 2d Cir. 12/3/08), 998 So.2d 864, writ denied , 09-0265 (La. 11/06/09), 21 So. 3d 305 ; State v. Harris , 39,975 (La. App. 2d Cir. 9/21/05), 911 So.2d 361.
At Defendant's sentencing hearing on September 6, 2017, the trial court noted its consideration of the PSI as ordered in accordance with the plea agreement. It also advised Defendant that it found her previous drug felony conviction to be her second such offense, and that it would sentence her as a second offender pursuant to La. R.S. 40:982. Possession of methamphetamines is punishable with or without hard labor for not more than five years, and the defendant may be ordered *636 to pay a fine of not more than $5,000. La. R.S. 40:967(C)(2). Additionally, La. R.S. 40:982(A) provides that "any person convicted of any offense under this part, if the offense is a subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that authorized or both." Therefore, under this statute, a second conviction of possession of methamphetamines is punishable at ten years with or without hard labor, and, in addition, the trial court may order a fine of not more than $10,000. Specifically, the trial court relied upon Defendant's previous conviction from September 3, 2007, for which she received a deferred sentence under La. C. Cr. P. art. 893 and two years' supervised probation. The conviction was ultimately expunged upon successful completion of said probation; however, as noted by the trial court, an expunged conviction may be considered as a first offense for sentencing purposes under La. C. Cr. P. art. 893(E)(2).
The trial court stated in its sentencing deliberations that it examined the relevant provisions of La. C. Cr. P. art. 894.1. The trial court noted that Defendant's subsequent criminal history shows a series of misdemeanor arrests and/or convictions and a pattern of repeating the same offenses: three charges of careless operation, three charges of hit and run driving, three charges of operating a vehicle with a suspended license, and two firearms charges. The trial court also noted that those charges never resulted in jail time; instead, Defendant was either ordered to pay a fine or the charges were dismissed.
The trial court then re-examined the facts of the instant offenses to which Defendant had pled guilty and noted its consideration of the pending charges against Defendant in Morehouse Parish. On February 6, 2017, Defendant was indicted by a Morehouse grand jury for the attempted first degree murder of a commissioned wildlife enforcement agent, obstruction of justice, illegal possession of stolen things, and illegal possession of a firearm. The trial court stated that Defendant, while out on bond, allegedly shot the wildlife enforcement agent multiple times in the early morning hours of January 7, 2017, when Defendant and her boyfriend encountered the agent while driving a stolen vehicle. Though seriously wounded, the agent survived the shooting.
The trial court also considered Defendant's personal, educational, and work history and stated that, in its review of La. C. Cr. P. art. 894.1, it believed that there was an undue risk that Defendant would likely commit another crime should she receive a suspended sentence or probation. The trial court found Defendant needed correctional treatment, which would most effectively be provided by her commitment to an institution.
The trial court determined that none of the mitigating factors under La. C. Cr. P. art. 894.1 were applicable. The court added that it received several letters in support of Defendant from her family; however, the letter writers mistakenly believed that Defendant was being sentenced for her pending charges in Morehouse Parish. Despite this error, the trial court still considered the letters' content regarding Defendant's childhood and the belief that she is not a bad person.
The trial court further stated that it was cognizant that maximum sentences were reserved for the most serious violations of the statute but found that Defendant's crimes steadily increased in severity, and probated sentences had failed to deter her criminal conduct.
After reviewing the record in its entirety, we find that there is an adequate factual basis for the sentence imposed. We find *637 that the trial court adequately considered the appropriate aggravating and mitigating factors set forth in La. C. Cr. P. art. 894.1. The sentence imposed, 20 years in total at hard labor, is neither grossly disproportionate to the seriousness of the offenses committed nor shocking to the sense of justice considering Defendant's criminal history and her pending criminal charges in Morehouse Parish at sentencing.[2]
Thus, there is no showing that the trial court abused its discretion in sentencing this Defendant. Consequently, we cannot say that Defendant's sentence is constitutionally excessive.
CONCLUSION
For the foregoing reasons, Defendant's convictions and sentences are affirmed.
AFFIRMED .

Apparently defense counsel and the State agreed to dismissal of these charges in exchange for payment of restitution. Defendant was also informed of her obligation to pay restitution during her guilty plea proceedings.

This court has been informed that Defendant has pled guilty to all charges in Morehouse Parish.