Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,969-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                Appellee

versus

JOSHUA J. WARD                Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 20201F

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT       Counsel for Appellant
By: Paula Corley Marx

PENNY WISE DOUCIERE           Counsel for Appellee
District Attorney

CAROLINE HEMPHILL
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, and STEPHENS, JJ.

GARRETT, J., concurs with written reasons.

STEPHENS, J., concurs with written reasons.

**STONE, J.**

This criminal appeal arises from the Fifth Judicial District Court, Franklin Parish, the Honorable Clay Hamilton presiding. On January 8, 2020, the defendant, Joshua J. Ward ("Ward"), pled guilty to possession of methamphetamine (over 2 grams but less than 28 grams), and was sentenced to 10 years of incarceration at hard labor. Under a separate bill of information, Ward was prosecuted for aggravated flight from an officer, and also pled guilty to that charge on the same day; this charge was predicated on the same incident as the one leading to the instant conviction for possession of methamphetamine. The trial court ordered that these sentences run concurrently with one another.

Ward now appeals, and urges three assignments of error. For the reasons stated herein, we affirm his conviction and sentence.

## FACTS

On June 15, 2019, officers of the Winnsboro Police Department responded to the scene of a shooting at Westwood Apartments in Winnsboro, Louisiana. As they arrived, officers observed Ward driving away in a vehicle at high speed. The officers attempted to stop Ward but he refused to comply. After traveling at speeds in excess of 100 mph, crossing the center line, and traveling into oncoming traffic on Highway 4, Ward finally stopped the vehicle. Officers searched the vehicle and found a plastic Glock pistol case and four magazines (two of which contained .40 caliber ammunition that matched the spent shell casings at the scene of the shooting). On the driver's side floorboard, officers also found a plastic bag of several multi-colored tablets, which were later determined to be methamphetamine. Ward was charged in separate bills of information with

1

possession of a Schedule II Controlled Dangerous Substance ("CDS"), methamphetamine, attempted second degree murder, and aggravated flight from an officer where human life is endangered.

As previously stated, pursuant to a plea agreement, Ward pled guilty to aggravated flight from an officer and possession of methamphetamine. The state agreed to dismiss the attempted second degree murder charge, as well as another unspecified charge. There was no sentencing agreement, but the parties agreed that Ward would be sentenced by the trial court following the submission of a presentence investigation ("PSI") report.

On March 11, 2020, after reviewing the PSI report, the trial court determined that Ward had previously been convicted of misdemeanor possession of marijuana, and accordingly sentenced Ward to an enhanced sentence of 10 years at hard labor for the possession of methamphetamine conviction. As to the aggravated flight from an officer conviction, Ward was sentenced to 5 years at hard labor. The trial judge ordered that the sentences be served concurrently. Defense counsel made an oral objection to the sentences and subsequently filed a motion to reconsider; neither set forth specific grounds. The trial court denied the motion. Ward now appeals, urging the following assignments of error: (1) the 10-year sentence is in violation of his plea agreement; (2) his sentence is excessive; and (3) his trial counsel was ineffective.

## DISCUSSION

**Violation of plea agreement**

Ward argues that the trial court erred in sentencing him to an enhanced sentence of 10 years, when possession of methamphetamine, to which he pled guilty, only carries a maximum sentence of 5 years. Ward

2

argues that such a sentence enhancement is a violation of the plea agreement. Ward further asserts that he did not plead guilty to an enhanced sentence.

At the plea hearing, the state advised the trial court that Ward would plead guilty to aggravated flight from an officer and to possession of a Schedule II CDS, methamphetamine, and the state would dismiss the attempted second degree murder charge, along with other charges. The state also informed the trial court that a PSI report would be ordered and filed into the record, and that the trial court would "make the ultimate decision on his sentence."

At the plea hearing, the trial court advised Ward that the penalty for possession of methamphetamine, under La. R.S. 40:967(C)(2), was one to five years with or without hard labor, and carried a potential fine of not more than $5,000. However, the trial court did not inform Ward of potential sentencing enhancement under La. R.S. 40:982, which states:

> A. Any person convicted of any offense under this Part, if the offense is a second or subsequent offense, ***shall*** be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), 967(B), 968(B), or 969(B), and if it is the offender's second or subsequent offense, the court may impose, in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
> B. For purposes of this Section, an offense shall be considered a second or subsequent offense if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs. (Emphasis added).

3

The state claims that there was no violation of the plea agreement because there was no agreed-upon sentence. Ward agreed to be sentenced by the trial court after a review of the PSI report. The state did not agree to waive any sentencing enhancements, and never promised that Ward would only receive the maximum five-year sentence or that the sentences would run concurrently. The state further argues that La. R.S. 40:982 is mandatory and the trial court was required to impose the enhanced 10-year sentence. The state also argues that La. R.S. 40:982 is treated as a sentencing enhancement provision which must be implemented after conviction, like La. R.S. 15:529.1, and not as a substantive element of the presently charged offense. In support, the state cites *State v. Skipper*, 04-2137 (La. 6/29/05), 906 So. 2d 399.

A plea agreement is a contract between the state and a criminal defendant. *State v. Patterson*, 51,559 (La. App. 2 Cir. 9/27/17), 244 So. 3d 733. In *State v. Young*, 50,072 (La. App. 2 Cir. 8/12/15), 174 So. 3d 719, *appeal after remand*, 51,175 (La. App. 2 Cir. 2/15/17), 215 So. 3d 906, *writ denied*, 17-0472 (La. 11/13/17), 230 So. 3d 204, this Court explained the principles governing the validity of plea agreements:

> In determining the validity of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. *State v. Givens*, 1999-3518 (La. 1/17/01), 776 So. 2d 443. The party demanding performance of a contract has the burden of proving its existence. *State v. Louis*, 94-0761, p. 7 (La. 11/30/94), 645 So. 2d 1144 at 1149. In the context of plea bargains, a defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. *Id.* at 1149-50; *see also*, *State v. Tanner*, 425 So. 2d 760, 763 (La. 1983).

Contracts have the effect of law for the parties and must be performed in good faith. La. C.C. art. 1983. A party has an implied obligation to make a good faith effort to fulfill the conditions of a contract. *Bloom's Inc. v. Performance Fuels, L.L.C.*, 44,259 (La. App. 2 Cir. 7/1/09), 16 So. 3d 476, *writ denied*, 2009-2003 (La. 11/20/09), 25 So. 3d 800. When there are reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own obligation. La. C.C. art. 1993. Also, a party to a commutative contract may refuse to perform his obligation if the other has failed to perform. La. C.C. art. 2022.

A plea is constitutionally infirm when the defendant is induced to plead guilty by a plea agreement (or by what the defendant reasonably believes is a plea agreement) and the terms of the agreement are not satisfied. When a plea agreement is breached, the defendant has the option of specific performance or to withdraw the guilty plea. *State v. Patterson*, *supra.*

La. C. Cr. P. art. 556.1 provides in pertinent part:

A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

> (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

. . . .
. . . .

E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.

Although defense counsel made an oral objection to the sentence at the hearing and filed a motion to reconsider sentence, neither included specific grounds regarding the trial court's application of La. R.S. 40:982.

5

As a result, the defense failed to preserve this issue for appeal. La. C.Cr.P.

art. 881.1, in relevant part, states as follows regarding motions to reconsider

sentence:

> B. The motion shall be oral at the time of sentence or shall
> be in writing thereafter and shall set forth the specific
> grounds on which the motion is based.
> …
> E. Failure to… include a specific ground upon which a
> motion to reconsider sentence may be based, including a
> claim of excessiveness, **shall preclude…the defendant**
> **from raising an objection to the sentence or from urging**
> **any ground not raised in the motion on appeal** or review.
> (Emphasis added).

In *State v. Rathore*, 52,084 (La. App. 2 Cir. 6/27/18), 251 So. 3d 628, the

defendant pled guilty to a drug offense. After the plea but prior to

sentencing, the state filed a motion to invoke sentencing under La. R.S.

40:982, and defense counsel failed to object to the application of La. R.S.

40:982.  This Court held that by failing to object, the defendant failed to

preserve the sentencing enhancement issue for appeal. Thus, in this case,

Ward waived his right to appeal his sentence, and for this reason alone, his

convictions and sentences must be affirmed.

Nonetheless, we point out further reasons that Ward's convictions and

sentences must be affirmed. In *State v. Rathore, supra,* the defendant argued

that the trial court violated the plea agreement by enhancing her sentence

under La. R.S. 40:982.  At the plea hearing, the defendant was advised that

the maximum sentence for possession of methamphetamine was 5 years with

or without hard labor, and that she could be sentenced "up to the maximum

that the law allows."[1] Approximately five months *after* Rathore pled guilty,

---

[1] Our jurisprudence indicates that there is no requirement that defendants be
advised that their sentence is subject to enhancement under La. R.S. 40:982. *See State v.
Welch,* 45, 950 (La. App. 2 Cir. 1/26/11), 57 So.3d 442, 445, *writ denied*, 11-0423(La.

6

the prosecution filed a motion to invoke enhanced sentencing under La. R.S. 40:982; the trial court held a hearing on the motion, and later imposed an enhanced sentence.

On appeal, we held that the trial court, in imposing an enhanced sentence, neither rendered Rathore's plea involuntary nor violated her plea agreement: there was no prior agreement regarding sentencing and no indication that the state agreed to forgo seeking the enhanced sentence.

*State v. Rathore, supra,* is binding precedent in the instant case. The operative facts therein are indistinguishable from this case. The state and the defendant agreed that the court would decide the sentence after a PSI; there was no stipulation in any way limiting the defendant's sentencing exposure. In neither Rathore nor this case was the defendant given notice on the record in advance of pleading guilty of the potential for an enhanced sentence under La. R.S. 40:982.[2] Therefore, in this case, we are constrained to hold that the trial court's imposition of the sentencing enhancement did not violate the plea agreement and did not render Ward's guilty plea involuntary.[3]

This assignment of error lacks merit and is rejected. However, we do find it troubling that La. R.S. 40:982 specifies no procedural requirements whatsoever. For example, as written, La. R.S. 40:982 appears to: (1) allow

---

9/16/11), 69 So. 3d 1145. Thus, the failure of the trial court and the prosecution to advise Ward of his true sentencing exposure had no effect.

[2] Likewise, the defendant in *State v. Rathore* and the defendant in this case both failed to make any effort to oppose sentencing enhancement in the trial court; neither defendant filed a motion to withdraw guilty plea, made an objection to enhancement on the record, or filed a motion to reconsider sentence attacking enhancement for lack of advance notice or lack of proof of the prior conviction

[3] Furthermore, La. R.S. 40:982 neither sets forth any specific procedure to be utilized in its application, nor does it require a motion by the state to invoke its use. Accordingly, it makes no difference that the prosecution in *State v. Rathore* made a motion to invoke La. R.S. 40:982, whereas here, the trial court invoked that statute on its own motion.

any misdemeanor possession of marijuana conviction, obtained at any time, to be used for enhancement purposes; and (2) not require that a defendant be given notice of potential enhancement prior to sentencing. Furthermore, it appears that the mere statement in a PSI that a prior misdemeanor drug conviction exists is sufficient proof for doubling the sentence, at least where that statement is uncontroverted.

**Excessive sentence**

Ward's second argument is that his sentence of 10 years, the maximum, is unduly harsh and excessive. Ward argues that he is not the worst offender and these are not the worst offenses. Ward claims he only possessed a "small" amount of methamphetamine, 2.08 grams. Ward argues that he was only 28 years old at the time of the offenses. He further argues that he has strong family support, which would aid in his rehabilitation, has always maintained employment, regularly attends church, and has consistently supported his two six-year-old children.

The state argues that Ward failed to establish that the trial court abused its discretion in sentencing. The state notes that Ward received a tremendous benefit when the state agreed to dismiss the attempted murder charge and when the trial judge imposed concurrent sentences.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17),

8

219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v.*

9

*Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289.  A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.  *State v. Allen*, *supra*.  On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.  *State v. Adams*, 53,055 (La. App. 2 Cir. 11/20/19), 285 So. 3d 526, *writ denied,* 20-00056 (La. 9/8/20), 301 So. 3d 15.

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses.  *State v. Cozzetto*, 07-2031 La. 2/15/08), 974 So. 2d 665; *State v. Hogan*, 47,993 (La. App. 2 Cir. 4/10/13), 113 So. 3d 1195, *writ denied*, 13-0977 (La. 11/8/13), 125 So. 3d 445.

The defendant's receipt of a substantial advantage via plea bargain is an appropriate consideration in sentencing.  Accordingly, where the defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense.  *State v. Washington*, 52,518 (La. App. 2 Cir. 2/27/19), 266 So. 3d 430, *writ denied*, 19-00776 (La. 10/21/19), 280 So. 3d 1174.

Possession of a Schedule II CDS, with an aggregate weight of 2 grams or more, but less than 28 grams, second offense, is punishable by up to 10 years with or without hard labor and a fine of up to $10,000.  La. R.S. 40:967(C)(2); La. R.S. 40:982.

The trial court did not abuse its discretion in sentencing Ward to 10 years at hard labor for possession of methamphetamine. At the sentencing hearing, the trial court reviewed the PSI report, the facts of this case, and the applicable sentencing factors set forth in La. C. Cr. P. art. 894.1. The trial court gave sufficient weight to each of the applicable aggravating and mitigating factors, and the record adequately supports the sentence imposed.

The trial court recounted Ward's criminal history as outlined in this paragraph. In 2008, Ward was arrested for discharging firearms where prohibited, disturbing the peace, and aggravated second degree battery; he pled guilty to aggravated second degree battery and was sentenced to 6 years at hard labor, with 5 years and three months suspended, and 5 years of probation. While Ward was on probation, in 2012, he was arrested for possession of marijuana, simple battery, and aggravated assault; he pled guilty to possession of marijuana and simple battery, and was sentenced to 90 days on each charge. At that time, his probation was revoked and he was remanded to serve the original six-year sentence. Ward was released on parole in May 2017, and while on parole, was arrested for the instant offenses in June 2019. The trial court observed that, each time Ward has been granted the leniency of probation or parole, he has been caught committing more crimes during his probation or parole period, including firearms offenses and crimes of violence.

The trial court further noted that Ward's conduct threatened, caused, or could have caused serious harm, that Ward was again involved in conduct which involved harm to a person and firearms, that the victims did not induce or facilitate the commission of the crimes, and that there was no indication that Ward's imprisonment would entail any excessive hardship to

11

himself or his dependents.  The trial court found that Ward was unwilling to accept responsibility for his actions, and referencing Ward's own statement, found that Ward's history of criminal conduct indicates that he will, in the future, continue to be in the wrong place at the wrong time.  The trial court noted that, because the state agreed to dismiss the charge for attempted second degree murder, Ward avoided exposure to a possible 50-year sentence. La. R.S. 14:30.1; La. R.S. 14:27(D)(1)(a).

Ward's criminal history merits further emphasis. In 2008, he was convicted for aggravated second degree battery, *i.e.*, "*a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.*" La. R.S.14:34.7. (Emphasis added). While on probation for his aggravated second degree battery, Ward was arrested for aggravated assault, simple battery, and possession of marijuana, but was only convicted for possession of marijuana (as mentioned earlier) and simple battery. Thereafter, Ward spent approximately 5 years imprisoned. In 2017, Ward was released into society on parole, but before he could even finish his term of parole, he committed the instant offenses, wherein he showed wanton disregard for the safety of other human beings. Remarkably, Ward, through counsel, now asserts to this court that his sentence is excessive in part because he regularly attends church and has always provided for his two six-year-old children. We are confounded as to how this has any effect of making his maximum sentence excessive. Rather, it shows that despite having brought two children into this world, and realizing that they are dependent on him to provide for them, Ward committed dangerous criminal acts. Ward must have realized that these acts would rightfully earn him a substantial prison sentence and thus render him incapable of providing for

his own children; that burden will now fall on other people. If anything, Ward's regular church attendance further emphasizes the already obvious point that he committed these crimes *despite knowing better*.

Finally, we note that Ward's total sentencing exposure was 10 years – i.e., five years for possession of methamphetamine in this case, and five years for aggravated flight from an officer in the companion case (No. 53, 968-KA). The trial judge could have validly sentenced Ward to the maximum of five years on each conviction and ordered that the sentences be served consecutively, for a total of 10 years of imprisonment. Thus, if Ward's sentence for possession of methamphetamine had not been enhanced, he was still facing a maximum exposure of 10 years, had the trial court to imposed the sentences to be served consecutively.

Ward's maximum sentence is not constitutionally excessive. This claim is meritless.

**Ineffective assistance of counsel**

Ward's final argument is in the alternative. He argues that if the sentencing claims are procedurally barred, this case should be remanded for resentencing on the basis of ineffective assistance of counsel. Ward asserts that he was sentenced to twice what he agreed would be the maximum for possession of methamphetamine, and that there was no strategic reason for defense counsel not to object or file a motion to enforce the plea agreement in order to preserve his claims for appeal.

The state argues that because the plea agreement was not violated, counsel could not have been ineffective in failing to file a motion to enforce the plea agreement because such a motion would have been meritless.

13

Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because it provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. However, when the record is sufficient, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. *State v. Frost*, 53,312 (La. App. 2 Cir. 3/4/20), 293 So. 3d 708, *writ denied*, 20-00628 (La. 11/18/20), 304 So. 3d 416.

A claim of ineffectiveness of counsel is analyzed under the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, to establish that his attorney was ineffective, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that counsel's deficient performance prejudiced his defense and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome would have been different. *Strickland*, *supra*; *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760.

A reviewing court must give great deference to trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. *State v. Smith*, 49,356 (La. App. 2 Cir. 11/19/14), 152 So. 3d 218, *writ denied*, 14-2695 (La. 10/23/15), 179 So. 3d 597. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the

14

claim; general statements and conclusory charges will not suffice. *Strickland*, *supra*; *Reese*, *supra*.

Ward only provides general, conclusory allegations that defense counsel was ineffective in failing to object to his sentences or file a motion to enforce the plea agreement. Furthermore, as this Court has determined that there was no violation of the plea agreement, counsel cannot be found deficient in failing to raise this issue in the trial court.

Nevertheless, because the record is insufficient to resolve this matter on appeal, this claim would be more appropriately raised in an application for post-conviction relief where a full evidentiary hearing may be ordered.

## CONCLUSION

For the foregoing reasons, Joshua Ward's conviction and sentence are affirmed.

**AFFIRMED.**

15

**GARRETT, J., concurring.**

When the defendant pled guilty to the drug charge at issue in this appeal, he was advised by the trial court that the maximum sentence that could be imposed was five years. The "double penalty" under the enhancement statute, La. R.S. 40:982, was not mentioned by either the trial court or the district attorney. Unlike what occurred in *State v. Rathore*, cited in the majority opinion, the defendant in this case was given no advance notice that the trial court would be invoking, of its own volition, the provisions of La. R.S. 40:982. In *Rathore*, the State filed a motion to invoke the provisions and a hearing was actually held. Presumably at that hearing, the State established the validity of the prior conviction. In *Rathore*, the defendant lodged no objection to the State's motion, despite having an opportunity to do so. The situation before us is completely different, as the defendant had no advance notice that a 2013 misdemeanor conviction would be used to double the penalty.

The trial court applied the law as written by our legislature. However, I find La. R.S. 40:982 to be a problematic statute. Unlike our habitual offender laws, La. R.S. 40:982 contains no procedural requirements or cleansing periods. As written, any misdemeanor possession of marijuana conviction can be used for enhancement purposes.[1] Whether the defendant's 2013 misdemeanor conviction for possession of marijuana was validly entered is unknown. The 2013 misdemeanor conviction from "Winnsboro PD" noted in the PSI report is the extent of the information we have. No docket number or court minutes are available for review.

---

[1] Our legislature has recently decriminalized some possession of marijuana offenses (see Act 247 of 2021).

1

However, the defendant did not file a motion to withdraw his guilty plea or to seek specific performance of a plea agreement below. Nor did the generic objection to the sentence made below or the motion to reconsider urge any of the grounds that have been raised for the first time on appeal. From a procedural standpoint, those issues are not before us. Nevertheless, I do have concerns about the use of La. R.S. 40:982 to double the penalty without any advance notice to a defendant.

I concur in the result only because the defendant's sentences in this case and the companion case (No. 53,968-KA) were ordered to be served concurrently. If the defendant's sentence on the drug charge had not been enhanced, he was still facing a maximum exposure of ten years total (five years on each charge) had the trial court chosen to run the sentences consecutively. I would not find two five-year sentences imposed consecutively to be excessive. Accordingly, I respectfully concur in the results reached in this appeal and the companion case (No. 53,968-KA).

**STEPHENS, J., concurring.**

I concur, as I agree with both Judges Stone and Garrett.

Judge Stone's opinion is thorough, and her analysis well-reasoned. The correct result was reached in this case.

I find, as did Judge Garrett, that the enhancement statute, La. R.S. 40:982, is a problematic law. I write separately, however, because it is my opinion that, as applied in the instant case, La. R.S. 40:982 is patently unconstitutional.